Garibaldi vs. Carroll.

## GARIBALDI v. CARROLL.

1. PRACTICE AT LAW: *Bill of exceptions: Mandamus against Judge.*
   The refusal of a Circuit Judge to sign a bill of exceptions tendered to him, is not the subject of an exception in a subsequent bill of exceptions. A judge should allow and sign a bill of exceptions if true; if not, he should correct and then sign it. If the party is not then satisfied, the statute points out his remedy.
   A Circuit Judge may in a proper case be compelled by mandamus to sign a bill of exceptions.

2. BILL OF EXCEPTIONS: *When to be allowed and signed: Statute construed,*
   Section 4694, Gantt's Digest, does not mean that when time is given for filing a bill of exceptions it will extend to the last day of the next term if not specially limited.

3. LOST JUDGMENT: *Remedy to restore.*
   At common law the plaintiff has a right of action on a judgment as soon as it is recovered. The remedy provided by *sec.* 3774 *Gantt's Digest,* to revive or restore a lost judgment, is but cumulative. The plaintiff may at the same time prosecute an action on the judgment and a *scire facias* to revive it, and have judgment in both.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Judge.

*Bishop* for appellant.

*Alex. D. Jones, contra.*

HARRISON, J. :

This was an action by John Carroll against James Garibaldi on a judgment recovered by the former against the latter, before a justice of the peace, on the 5th day of February, 1870, for the sum of $184.50. The complaint alleged the record of said judgment to be lost.

This action was commenced on the 16th day of March, 1876.

The defendant answered the complaint. He admitted the recovery of the judgment before the justice of the peace, but averred that an appeal was taken from it to the Circuit Court,

and that the cause was, in the Circuit Court, dismissed; and denied the loss of the record of the judgment.

The cause was, at the October term, 1876, submitted to the court, without a jury, which found as facts, that no appeal had been taken from the judgment and the same remained in force, and that the record of the judgment was lost; and thereupon rendered judgment for the plaintiff for the sum of $184.50 debt, and the further sum of $76 damages, sustained by the detention of the debt.

The defendant appealed.

After the filing of the transcript in this court, an agreement in writing between the parties was filed, that the transcript of a bill of exceptions therewith filed, allowed and signed by the Circuit Judge on the 17th day of December, 1877, should be taken and considered as a part of the record in the cause, as if the same had been made part thereof by *certiorari*.

From this bill of exceptions it appears, that the defendant at the April term, 1877, presented to the judge a bill of exceptions as to certain rulings of the court at the previous term, or that at which the judgment was rendered, and setting out therein a motion for a new trial that was overruled, which the judge refused to sign. That at the next or October term, 1877, the record on motion of the defendant was so amended as to show that when the exceptions were taken, time, but not until any particular day, was given him to prepare his bill of exceptions; and that after the amendments were made, the defendant again presented the same bill of exceptions, which the judge again refused to sign, and to this refusal the defendant excepted and tendered the bill of exceptions referred to in the agreement, and in which is set out the bill of exceptions tendered and rejected.

The Circuit Judge should have declined to allow and sign the

bill of exceptions to his refusal to sign the other. It was not the subject of an exception.

There can no more be an exception to the refusal to sign a bill of exceptions than there can be a demurrer to a demurrer. It is the duty of the judge to allow and sign the bill of exceptions presented to him, if true; if not, to correct it and then sign it. If the party excepting is not satisfied with the correction, the statute provides, upon his procuring the signatures of two bystanders attesting the truth of his exceptions as by him prepared, the same shall be filed as part of the record; and that the truth of the exceptions may be controverted and maintained by affidavits, not exceeding five in number, on each side, filed with the clerk. *Gantt's Digest secs.* 4697, 4698. And we do not doubt that a judge might, in a proper case, be compelled by mandamus to sign a bill of exceptions.

"The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exceptions to writing, but not beyond the succeeding term." *Ib. sec.* 4694. It is not implied by this language, that the time when given, if not specially limited, will extend to the last day of the next term. *Washington and N. O. Tel. Co.* v. *Hobson & Son*, 15 *Gratton* 135.

A judgment becomes final and passes beyond the control of the court, upon the expiration of the term at which it is rendered, unless suspended by the order of the court; and it cannot be conceived, with any reason, that giving time to a party for the mere purpose of reducing an exception to writing can have the effect, if no day is named, of suspending the judgment until the end of the next term, and that an exception might then be reserved to the refusal of the judge to sign the bill of exceptions as an act done in the cause.

It is more reasonable to suppose that the time, like the power of the court over its judgment, expires with the term.

But it is contended that the court had no jurisdiction of the subject of the action.

The judgment sued on being for more than one hundred dollars, exclusive of interest, the sum in controversy is clearly within the jurisdiction of the Circuit Court.

At common law a party has a right of action upon his judgment as soon as it is recovered, although having the right to take out execution, his action seems unnecessary. *Freeman on Judgments*, sec. 432.

The plaintiff may at the same time prosecute an action upon the judgment and a *scire facias* to revive it, and a judgment in his favor in the latter proceeding, does not affect the former, *Ib. Carter* v. *Coleman*, 12 *Ind.*, 274.

The remedy provided by *section* 3774 *of Gantt's Digest*, when the record of a judgment of the justice's court has been lost or destroyed, that such court may on motion of the judgment creditor, after five day's notice, render a new judgment for what may remain due, is but a cumulative or additional remedy, *Sedgw. Con. and Stat. L.* 100 (*n.*) Two remedies may co-exist.

The judgment is affirmed.