## BULLOCK v. NEAL, AD.

1. PRACTICE:  *Change of judges during a trial.*
   When the judge at a trial becomes sick and unable to proceed after the evidence is all in and the instructions have been given to the jury, the trial should proceed under a special judge, before the same jury, and without rehearing the testimony.

2. BILL OF EXCEPTIONS:  *By whom to be signed.*
   Where different judges preside during the progress of a trial, each should sign a bill of exceptions as to the proceedings before him.

3. BILL OF EXCEPTIONS:  *Order of court to file.*
   When a bill of exceptions is properly signed and filed it becomes a record *proprio vigore* without any order of court making it so.

ERROR to *Sebastian* Circuit Court.

Hon. J. A. YANTIS, Special Judge.

*J. B. P. Bullock, pro se.*

The jury, upon Judge Rogers' disability, were, by operation of law, discharged; in other words, it was a mistrial, and upon the election of the special judge, a new jury should have been impanneled, and heard the cause anew.

*C. B. Moore* for appellee.

The bill of exceptions is marked filed by the clerk, *but was not entered of record, nor in any way made part of the record,* and can not be considered by this court. *35 Ark., 386 ; 37 Ib., 370.*

Judge Rogers heard the evidence and instructed the jury, and he only was competent to sign the bill of exceptions. *37 Ark., 370.*

There being no bill of exceptions, no error can be presumed in the judgment. *Supra and 37 Ark., 37.*

EAKIN, J. The transcript returned with the writ of error, shows a case determined in the Circuit Court of Crawford County, on appeal from a justice of the peace, in which defendant in error recovered judgment in both courts. No errors affecting the merits of the controversy are disclosed. No sufficient bill of exceptions was taken. The questions made regard jurisdiction and practice.

The case was tried by a jury at the April term, 1882, of the Circuit Court, the Honorable John H. Rogers, regular judge, presiding. Instructions given orally by consent, were not excepted to, and by like consent the jury were allowed to disperse, after having heard the evidence and instructions.

1. PRACTICE Change of judges during trial.

The next day, the regular judge being sick and unable to continue in the discharge of his duties, a special judge was elected to preside, before whom the cause was argued by counsel and submitted to the jury. They found for the plaintiff, and judgment was rendered against Bullock and his sureties on the appeal bond ; who two days afterwards moved for a new trial. This motion at a subsequent day was overruled, as was also a motion in arrest. Afterwards, during the term, the Honorable William Walker, who had been appointed as regular judge in place of Hon. John

H. Rogers, who had resigned, appeared and took his seat in place of the Honorable James A. Yantis, who had been acting as special judge. Judge Walker had been an attorney in the case for the defendant, Bullock, and was disqualified thereby from taking any action upon it.

Then follows, in the form of a record entry, what can be only considered as a memorandum of the clerk, to the effect that the Honorable James A. Yantis, having vacated the bench, but being in the court-room, did at the request of defendant in the action, sign a bill of exceptions, at the same time informing the defendant that he had no authority to sign it, and instructing the clerk not to enter it of record.

What purports to be a bill of exceptions is transcribed and certified by the clerk, which is signed by Judge Yantis, and marked filed. There is no formal prayer for an appeal, although it is recited in the supersedeas bond that an appeal had been taken. The want of an appeal is not important on writ of error.

It is submitted as matter for arrest, that the jury were not discharged upon the election of the special judge, and a new jury selected. The jury had heard the evidence and instructions, and had dispersed to await the argument of counsel. There is no reason why this should not be made, under the presiding control of the special judge. The instructions had not been excepted to, and if it had been important to determine precisely what the evidence had been, the special judge might, in several ways, sufficiently have advised himself of it, to have enabled him to regulate the discussion. Upon a difference amongst the attorneys as to testimony during an argument, it is not uncommon practice to recall a witness, not for re-examination, but to state what he had testified. After the evidence has been admitted, and the law settled, the presidency of

the judge is more for the purpose of preserving order in the discussion, and in the future conduct of the jury, than for anything else. It would be an unnecessary delay, expense and vexation to clients in such cases to impannel a new jury, and to recall witnesses. It is not demanded by the ordinary requirements of justice. The cause properly proceeded.

All matters of exception, occurring whilst the regular judge was presiding, should have been shown by a bill of exceptions, certified to be true under his signature. As to those matters, the special judge had no authority to sign a bill. If, however, the exceptions regarded any matter which occurred before the special judge, or was first brought to his notice, such as misconduct of the jury, newly discovered evidence, etc., he should have signed the bill himself, although he had vacated the bench. The object of the signature is to give verity to the statement of the occurrences complained of as erroneous. As it is the duty of the presiding judge to consider them, he can most properly certify them. In doing so he performs no judicial act, requiring him to have the present character and authority of a judge. He thereby orders nothing, and determines nothing, not already ruled. The certificate has reference to past transactions. The honorable special judge was mistaken in basing his opinion, as to his incompetency to sign the bill of exceptions, upon the ground that he had vacated the bench. He might sign it as to all matters occurring before himself. (*Watkins v. State, 37 Ark., 370.*) As to matters arising before the regular judge, he was the only competent person to certify them, except in certain contingencies, when bystanders might do so.

The bill was, however, signed by the special judge, and duly filed by the clerk. This made it good to the extent above indicated. It is usual to make an order of court,

2. BILL OF EXCEPTIONS: By whom to be signed.

3. SAME: Order of court to file not necessary.

constituting the bill when so filed a record, but if properly signed and filed, it becomes such *proprio vigore*, to the same extent that pleadings are, which require no such order. *(Gantt's Dig., sec. 4697.)* In the present case the judge presiding when the bill was filed had been an attorney in the case, and to have made his order essential would have been to impose on him too delicate a responsibility in case of a doubtful bill. Besides it might be impossible to coerce such an order from a judge whose refusal to sign might be remedied by bystanders. The decision of this court in *Walker v. State, 35 Ark., 386,* goes no farther than to intimate that if a bill of exceptions be not file-marked, then an order of court making it a record might suffice. In that case there was neither.

The motion for the new trial was made before the special judge, which, with its alleged grounds, was a proceeding which he might certify; but this court can not consider the contents and recitals of the motion, unless the facts are set forth in the bill independently of the motion. All the alleged grounds, therefore, which refer to evidence, instructions, excess of verdict and the antagonism of the verdict to the evidence, must be overlooked, as we do not have the evidence before us. That should have been shown under the signature of Judge Rogers. *Cowall v. Altchul, 40 Ark., 172.*

The only ground of the motion properly verified is, that the cause was argued before the special judge, and the verdict received by him, when the jury should have been dismissed. In this there was no error.

Affirm.