ADLER, GOLDMAN & CO. v. CONWAY COUNTY.

BILL OF EXCEPTIONS: *Must be filed in time allowed.*

When time is given to reduce exceptions to writing, the bill of exceptions must be prepared and signed by the judge, and filed with the clerk so as to become part of the record, within the time given.

APPEAL from *Conway* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*U. M. & G. B. Rose* for appellants.

The points made by the learned counsel for the appellee are entirely technical, and destitute of substantial merit. Whatever force they may have had originally has been destroyed by the return to the *certiorari.*

It is objected that the bill of exceptions is signed by " W. D. Jacoway, late judge of the Fifth Judicial Circuit of Arkansas."

This objection is certainly untenable. The record shows that it was Judge Jacoway who tried the case, and therefore he alone was competent to sign the bill of exceptions. *Watkins v. State, 37 Ark., 370.*

It is a sufficient answer to the charge that the bill of exceptions was filed out of time, that time was expressly given for its filing, as shown by the return of the *certiorari.*

Besides, there is nothing in the transcript indicating an adjournment of the court before the signing of the bill of exceptions, and it will be presumed that the court remained continuously in session. *Omnia presumuntur rite et solemniter esse acta.*

The mere fact that the judge was due in another place at an intermediate time is of no consequence, since he may have had business requiring a continuous session, and preventing his attendance in the next county.

*Ratcliffe & Fletcher* for appellee.

There was no motion for a new trial—that is, the transcript does not show it, outside of what purports to be a bill of exceptions—and we contend hereafter that what purports to be a bill of exceptions is no part of the record.

" Where no motion for a new trial is made, nor any question of law reserved at the trial, there is nothing before this court for adjudication." *State Bank v. Conway, 13 Ark., 344; Gardener v. Miller, 21 Ark., 398; Farquharson v. Johnson, 35 Ark., 536; Gaines and Wife v. Summers, 36 Ark., 482.*

There is no bill of exceptions. What purports to be such is signed by " *W. D. Jacoway, late Judge of the Fifth Judicial Circuit of Arkansas* "—signed the twenty-third day of November, 1882. The term was evidently adjourned and past, the judge *functus officio,* and no time given to file a bill of exceptions. If the judge had been legally *alive* he could not have signed it after the term, unless the time had been extended. *A fortiori,* being officially *dead,* there was no life anywhere. *Carroll v. Sanders, 38 Ark., 216.*

It must be signed by the judge. *Turner v. Collier et al., 37 Ark., 528.*

This was signed by *no* judge.

This court will take judicial notice of the fact that Judge Jacoway's term of office had expired November 23, 1882. *Constitution 1874, art. 7, sec. 17; 1 Greenleaf's Ev., sec. 6.*

This court will also take notice that the October term, 1882, of the Conway Circuit Court could not extend beyond the first Monday in November, 1882, and could not last until November 23, 1882, the time of signing. *Act February 16, 1881, Acts of 1881, p. 11, secs. 1 and 2.*

No time was given for filing. Nothing appears in the

transcript in reference to it, except in the closing part of what is called a bill of exceptions appear these words: " To prepare which, they at the time of overruling said motion for a new trial obtained leave." This does not help the case any. The *record* does not show any overruling of any motion for a new trial, neither does it show that any time was granted for filing the bill of exceptions. A judge, *functus officio*, inserting these words in the supposed bill of exceptions, could not make it a record. Besides it does not show what time was given. No period is fixed. It is indefinite and uncertain and of no effect. *Garabaldi v. Carroll, 33 Ark., 568.*

It is the *record* that must show " the filing of a motion for a new trial," " the overruling a motion for a new trial," and " that time was given to file the bill of exceptions." These words will be of no avail when stated in the bill of exceptions. *Ashley v. Stoddard, Jr., & Co., 26 Ark., 653; Rogers et al. v. Diamond, 13 Ark., 482; Anthony v. Brooks, 31 Ark , 725; Touchstone v. Harris, 22 Ark., 365.*

What is claimed to be a bill of exceptions, was never marked filed, and there is no record entry showing that it was filed. *Walker v. State, 35 Ark., 386; Toliver v. State, 35 Ark., 395.*

In the absence of a bill of exceptions, no error can be presumed. (*37 Ark., 528.*) There being no motion for a new trial, nor bill of exceptions, there is nothing before this court to determine. *35 Ark., 438.*

SMITH, J. There is no question which the appellants attempt to present, that does not depend upon the bill of exceptions. And there is no bill of exceptions in the record that we can notice. After judgment for the appellee below, a motion for a new trial was denied on the second

of November, 1882, and twenty days were given appellants to present and file their bill of exceptions.

The paper purporting to set forth the exceptions taken at the trial was not signed by the judge who had presided until the twenty-third of November, which was one day too late. And there is no file mark, or other indication to show when, if ever, it was filed in the clerk's office. Where time is allowed to reduce exceptions to writing, the bill of exceptions must be prepared, signed by the judge, and filed with the clerk, so as to become a part of the record, within the time given. *St. L., I. M. & S. Ry. Co. v. Rapp, 39 Ark., 558, and cases cited; Walker v. State, 35 Ib., 386; Toliver v. State, Ib., 395; Board Kosciusko Co. v. Epperson, 50 Ind., 275.*

Affirmed.