STINSON *v.* SHAFER.

Opinion delivered October 14, 1893.

*Bill of exceptions—When to be filed.*

> Where time is given to a party beyond term to prepare and tender a bill of exceptions to the judge "which, when approved, signed and filed with the clerk of this court, shall be and become a part of the record in the cause," a bill of exceptions presented to the judge within apt time will not become part of the record unless signed by him and filed with the clerk before expiration of the time allowed.

Appeal from Lafayette Circuit Court.

WILLIAM S. EAKIN, Special Judge.

*L. A. Byrne* for appellants.

1. Contend that the assignment was valid, and should be sustained.

2. Under the order of court, appellants had until the last day of the statutory limit within which to file the bill of exceptions. The time of *presentation* only was limited to the 25th of March. The case does not fall within the rule in 52 Ark. 554, and 53 *id.* 415.

*Scott & Jones* and *Montgomery & Moore* for appellees.

Time was given to the 25th of March to prepare and tender the bill of exceptions. It was approved by the judge on the 23rd of March, but was not filed until the 12th of June. Hence, there is no bill of exceptions in the case. 52 Ark. 354; 53 Ark. 415.

WOOD, J. The court below gave time beyond term to perfect bill of exceptions in the following order, viz.: "On further motion it is granted said defendants until the 25th day of March, 1891, in which to prepare and tender their bill of exceptions herein to the present judge of this court, which, when approved, signed and filed

with the clerk of this court, shall be and become a part of the record in this cause." The bill of exceptions was presented to the judge on the 23rd of March, 1891, was signed by him the latter part of May and filed with the clerk on the 12th day of June following.

Former decisions of this court have settled the practice as to reducing exceptions to writing beyond the trial term. *Garibaldi* v. *Carroll*, 33 Ark. 568; *Walker* v. *State*, 35 *id*. 386; *Toliver* v. *State, ib*. 395; *Carroll* v. *Saunders*, 38 *id*. 216; *Carroll* v. *Pryor*, 38 *id*. 283; *St. Louis &c. R. Co*. v. *Rapp*, 39 *id*. 558; *Adler* v. *Conway County*, 42 *id*. 488; *Davies* v. *Nichols*, 52 *id*. 554; *Watson* v. *Watson* 53 *id*. 415.

In *Watson* v. *Watson*, 53 Ark. *supra*, the appellant was allowed "until the third day of the Bradley circuit court, to *present* his bill of exceptions." In the present case appellants were allowed until the 25th of March, 1891, in which to *prepare* and *tender* their bill of exceptions. Thus far it will be seen that the two orders are in legal effect exactly the same. But counsel for appellant contends that the latter clause of the order in the present case "which when approved, signed and filed with the clerk of this court shall be and become a part of the record," takes the case out of the rule established in *Watson* v. *Watson*. We do not think so. A bill of exceptions, when signed by the judge and filed with the clerk in proper time, becomes, *proprio vigore*, a part of the record. *Bullock* v. *Neal*, 42 Ark. 278. Bills of exceptions frequently conclude with the language above quoted, but it is merely *pro forma*. If the object of the learned counsel in adding this language to the order was, as he states, to get the benefit of the statutory limit in the event the bill was not perfected on or before the day named, then he should have compassed his purpose by an order to that effect in pointed and definite terms. It is conceded that this language of itself fixes no time at

all, but we are asked to construe it to mean the statutory limit. No such sweeping phraseology can have that effect. The time may be extended to the last day of succeeding term (Mansf. Dig. 5157) ; but, when extended, a day certain must be fixed to come within the prescribed limit. In *Garibaldi* v. *Carroll*, 33 Ark. 568, the court say that it is not implied by the language of the statute "that the time, when given, if not specifically limited, will extend to the last day of the next term. * * * And it cannot be conceived, with any reason, that giving time to a party for the mere purpose of reducing an exception to writing can have the effect, if no day is named, of suspending the judgment until the end of the next term."

The Supreme Court of Kentucky, whose statute is the same as ours, requires that the bill of exceptions be signed and filed during term time, and where time is extended it shall be to a day certain at the succeeding term. The authorities uniformly, so far as we have been able to investigate, require that a day certain be fixed. *Meadows* v. *Campbell*, 1 Bush (Ky.), 104 ; *Smith* v. *Blakeman*, 8 Bush, 479 ; *Freeman* v. *Brenham*, 17 B. Mon. 608 ; *Allard* v. *Smith*, 2 Met. (Ky.) 298 ; *Vandever* v. *Griffith*, *ib.* 426. It is important for the profession and litigants, in the speedy administration of justice, that this practice be adhered to. *Stare decisis et non quieta movere.*

The statute is exceedingly liberal in its provisions, and circuit courts, while granting indulgence under it, must exercise and exact diligence in seeing that their orders are complied with.

There being nothing presented by the record for the consideration of this court, the judgment of the lower court is affirmed.