## McFARLANE. *v.* JOHNSON.

### Opinion delivered January 15, 1898.

BILL OF EXCEPTIONS—SIGNING BY CLERK.—A bill of exceptions signed by the clerk in pursuance of telegraphic directions from the circuit judge is not authenticated, as required by statute (Sand. & H. Dig. § 5848), and will not be considered on appeal. (Page 598.)

Appeal from Sebastian Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

*R. W. McFarlane,* for appellant.

*Jo. Johnson,* for appellee.

The signing of a bill of exceptions is imposed by law on the circuit judge, and, it being a judicial act, cannot be delegated. 37 Ark. 370; 37 Ark. 528; 40 Ark. 172; 42 Ark. 278; 42 Ark. 488; 38 Ark. 283. The court could not even extend the time into the next term. 61 Ark. 339.

RIDDICK, J. The appellee, G. W. Johnson, brought suit against R. W. McFarlane, as administrator of the estate of Boney Lipsey, deceased, upon a claim against said estate. On trial of said action the circuit court gave judgment in favor of Johnson, and allowed McFarlane time in which to prepare and file his bill of exceptions. A bill of exceptions was prepared and presented to the presiding judge, but for some reason he did not sign it at that time. Afterwards, on account of the fatal sickness of his father, the judge was suddenly called to the state of Mississippi. Remembering, after he arrived there,

that the bill of exceptions had not been signed, and that the time allowed for filing the same was about to expire, he telegraphed to the clerk of the circuit court at Greenwood to sign his name to the bill of exceptions, which the clerk did. The bill of exceptions was then filed within the time allowed by the court.

Our right to review the judgment appealed from depends upon this bill of exceptions. The appellee contends that it was not signed by the circuit judge, and cannot be considered here. We are of the opinion that this contention must be sustained.

The presiding judge is required by our statute to sign the bill of exceptions, if true. "If the writing is not true, the judge must correct it, or suggest the correction to be made, and, when corrected, sign it." (Sand. & H. Dig., § 5848.) He is supposed to have personal knowledge of the facts stated in the bill of exceptions, and by placing his signature thereto he attests officially that he knows the contents thereof at the time he signs it, and has decided that it is an accurate record of the proceedings had upon the trial. The duty of signing the bill of exceptions being thus imposed personally upon the presiding judge, and partaking also of the nature of a judicial act, the power to sign cannot be delegated to another. *Bullock* v. *Neal*, 42 Ark. 280; *Cowall* v. *Atchul*, 40 *ib.* 174; *Watkins* v. *State*, 37 *ib.* 370; 3 Enc. Plead. & Prac, 452, 453, and cases cited.

Now, even if the circuit judge had read the bill of exceptions in this case before leaving the state, he could not know that it was correct at the time the clerk signed it, or that it was the same bill of exceptions, for he was not present, and did not see the bill, at the time his name was signed thereto. The evils that might follow from allowing bills of exceptions to be authenticated in that way is shown by what actually happened in this this case. After the judge returned, the bill of exceptions came before him again, upon a motion to strike from the records. He examined it, and found that it was not correct, and not such a bill as he had intended to sign, and he thereupon amended it. This amendment was made long after the time allowed for filing the bill had expired, and cannot give validity

to it, but tends to confirm the conclusion that the circuit judge, at the time he ordered his name signed to the bill of exceptions, was not in a position to attest its correctness. He could not decide that the bill was correct when it was not before him, and the clerk had no right to make such decision for him. We therefore conclude that the bill has not been signed and authenticated as required by statute, and cannot be considered. *Stinson* v. *State*, 58 Ark. 110.

There being nothing before us to show error in the judgment of the circuit court rendered against the appellant, it is therefore affirmed.