TEXARKANA & FORT SMITH RAILWAY COMPANY *v.* SCULL.

Opinion delivered April 1, 1899.

BILL OF EXCEPTIONS—DELIVERY TO CLERK.—Where time is given by the trial court beyond the term in which to prepare a bill of exceptions, the rule that the bill must be delivered to the clerk within the time fixed is not complied with by a delivery within that time to a common carrier to be delivered to the clerk.     (Page 312.)

Appeal from from Little River Circuit Court.

WM. P. FEAZEL, Judge.

*Scott & Jones*, for appellee, on motion to advance and affirm.

*Shaver & Norwood*, *Trimble & Braley* and *Jno. A. Eaton*, for appellants, in response.

The delivery of the bill of exceptions to the express company within time was tantamount to a delivery to the clerk, and the negligence of the carrier is not imputable to appellant. In the absence of a statute, indorsement by the clerk is not essential to filing any paper. 8 Enc. Pl. & Pr. 927; 6 Ark. 208; 12 Ark. 62; 21 Ark. 578. The bill of exceptions could be filed *nunc pro tunc.* 45 Ark. 102, 107.

WOOD, J. The circuit court granted sixty days in which to prepare a bill of exceptions. The sixty days expired September 13, 1898. A bill of exceptions was signed by the judge September 6, 1898, and was on the 7th delivered to the express company at Mena for transmission to the clerk of the circuit court at Richmond, Ark. On the 14th of September the clerk, residing at Richmond, Arkansas, received a postal notice of the receipt of a package addressed to him by the agent of the express company at Ashdown, in Little River county, Ark. Immediately upon receipt of this notice, the clerk, Ed. J. Cheever, signed the order for the delivery of said package to O. Bettis, the mail carrier between Ashdown and Richmond, and on the 15th the package, containing the bill of exceptions in the above cause, was delivered to him by the mail carrier, and same was filed in his office September 15, 1898.

Appellant, while conceding that the bill of exceptions was not actually received at the office of the clerk of the circuit court of Little River county and marked "Filed" within the sixty days allowed, yet contends that, inasmuch as the bill of exceptions was signed by the judge within the time, and same was delivered to a common carrier within the time, this constituted a constructive delivery of the bill of exceptions to the addressee, the clerk of the circuit court. The law does not recognize constructive delivery of bills of exceptions. Our decisions make the actual delivery to and filing by the clerk within the time prescribed by the court's order a prerequisite to the

consideration of alleged errors by the trial court on appeal. *Stinson* v. *Shafer*, 58 Ark. 110, and authorities there cited.

There being nothing before us to show any errors in the rulings of the circuit court, its judgment is affirmed.