## JOHNSON *v.* STATE.

### Opinion delivered November 27, 1911.

1. CRIMINAL LAW—FORMER CONVICTION.—To sustain a plea of former conviction, the two offenses must be identical; hence if the first offense charged is so distinct from that charged in the second prosecution that evidence of one will not support the other, the former conviction will not bar the second prosecution.  (Page 160.)

2. SAME—FORMER CONVICTION.—To a prosecution under indictment for maintaining a gaming device at which the game of "craps" was played on a certain date, a plea of former conviction of gaming by "shooting craps" on the same day is no defense, the two offenses being distinct.  (Page 161.)

3. GAMING—EXHIBITION OF GAMBLING DEVICE.—One who, for a price, furnishes any device, apparatus or instrumentality by which money or property is won or lost through chance or skill, or both combined, is guilty of exhibiting a gambling device.  (Page 161.)

4. GAMING—WHAT IS GAMBLING DEVICE.—One who, for a price, furnishes a cloth and dice for others to play "craps" is guilty of exhibiting a gambling device.  (Page 163.)

Appeal from Lonoke Circuit Court;  *Eugene Lankford,* Judge; affirmed.

*George M. Chapline* and *Tom C. Trimble, Jr.,* for appellant.

1.  The offense of which appellant had been convicted being identical with, and the same transaction as, that alleged in the indictment, the plea of former conviction should have been sustained.

2.  The court erred in not sustaining the demurrer to the evidence because it did not support the material allegations in the indictment.   There was no testimony that appellant did set up, exhibit and operate a gaming device, to wit, a crap table, as alleged in the indictment, nor that he "banked the game," as therein alleged; but the testimony in fact showed that the game was in operation when appellant first approached where it was being played, that he played as the other players did, and that he left the premises while it was still in operation, and the parties continued to play long after he left.   In order to make out its case, the State must prove every material allegation in the indictment.  30 Ark. 132;  9 Ark. 193;  10 Ark. 259;  22 Ark. 252;  66 Ark. 120;  64 Ark. 188.

The statute, Kirby's Digest, § § 1731, 1732, is directed at gambling houses and their paraphernalia and devices set up to attract persons inclined to gamble, and is not intended to reach the case of a few negroes meeting together in the woods and "shooting" craps with dice on a tow sack for a few cents.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

This has the appearance of a trivial prosecution; but when the situation as disclosed by the facts is measured by the principles of law as declared by the court, there is no error appearing in the record. The case is ruled by the cases of *Sanders* v. *State,* 86 Ark. 353, and *Tully* v. *State,* 88 Ark. 411.

FRAUENTHAL, J. The defendant, George Johnson, was convicted of he crime of exhibiting a gambling device, and has appealed to this court to obtain a reversal of the judgment. The grounds which are alleged why the judgment should be reversed are, (1) that the court erred in sustaining the demurrer to the plea of former conviction interposed by him, and (2) because the verdict was not warranted by the evidence adduced upon the trial of the case.

1. The indictment charged that the defendant did on July 4, 1911, exhibit and maintain a gaming device at which the game of "craps" was played, in violation of section 1732 of Kirby's Digest. He filed a plea of former conviction, in which he alleged that he had pleaded guilty and been convicted before a justice of the peace of the county of the crime of gaming by "shooting craps" on said July 4, 1911, which was the same game and offense as that charged in the indictment. In order to sustain a plea of former conviction or acquittal, it is essential to show that the two offenses are identical. If the offense charged in the former prosecution is so distinct from that in the subsequent prosecution that evidence of the one will not support the other, then the offenses are not the same, and the conviction of the one will not be a bar to the prosecution of the other.

Thus, in the case of *Ruble* v. *State,* 51 Ark. 170, it was held that the sale of liquor without license, and its sale to a minor without the written consent of his parents or guardian, are separate offenses and may both be committed by one act of selling. Likewise, it has been held that the crime of keeping

a gambling house or gambling apparatus, and the crime of gambling and betting in such house or at such apparatus, are separate and distinct, and the conviction of either is no bar to a prosecution for the other. *Tuberson* v. *State*, 26 Fla. 472; *Tutt* v. *State* (Tex. Crim. App.) 29 S. W. 268.

In this case, the defendant was indicted for the crime of exhibiting a gambling device. In his plea of former conviction, he alleged that he had been convicted of "shooting craps," or gaming. The two are made distinct offenses by the provisions of our gambling statutes (Kirby's Digest, § 1732 and 1739). The evidence which would support a prosecution for the one would not for the other. The court did not, therefore, err in sustaining the demurrer to the plea.

2. The testimony on the part of the State tended to prove that the defendant had some dice and a cloth, pinned to the ground, with which the game of craps was played. He carried on his operations and ran his crap game in the woods near his house. A number of negroes went to this place, and there with his dice engaged in the game of shooting craps upon said cloth, whereby money was won and lost. The game was played with a pair of dice, and each time a player passed twice in succession the defendant would retain or take a nickel out of the winnings The defendant supervised the game, and noted when each bet was made and who had won. Each player would shoot or throw the dice when his time would come, and it appears that the defendant himself, in addition to operating the game, was also engaged in making bets and throwing the dice.

In the earliest decisions of this court, it was held that the gist of the offense created by the sections of the gaming statute, which are now §§ 1732 and 1733 of Kirby's Digest, consisted in exhibiting these gambling devices and engaging in those games where many play for and against the money exhibited or understood to be in bank, to be bet against and paid out by the conductor or owner of the game or device to those who might win the chances. *Drew* v. *State*, 10 Ark. 82; *Parrott* v. *State*, 10 Ark. 574; *Brown* v. *State*, 10 Ark. 607; *Stith* v. *State*, 13 Ark. 683; *Portis* v. *State*, 27 Ark. 360. In those cases this court held that these sections applied to banking games, where the one played against the many, and to gambling tables and devices at which such banking games were played. But

this construction was modified by the case of *State* v. *Sanders*, 86 Ark. 353.   In this latter case, it was held that this section of the gambling statute applied when the keeper or exhibitor of a gambling device obtained a price for the use thereof, although the participants in the game contended only against each other, and not against the keeper or exhibitor of the device. In that case the keeper of a pool table was interested in the game only to the extent of receiving his price for the use of his device.

In the case of *Tully* v. *State*, 88 Ark. 411, it was held that, before the keeper or exhibitor of a gambling table or device could be cónvicted under this section of the gambling statute, it must be shown that he was interested in the game as such exhibitor of the game or device—that is, that he received pay or profit out of the game played by the many for the use of his table or device.   It was there held that mere participation in the game by the keeper of the table or device does not constitute the offense under  this section of  the gambling statute. To violate this section, it is essential that the game of chance be played by means of the device by two or more persons, who contend for the fund that is put up, either by the players or the exhibitor, and that the  keeper is interested in the game by receiving a price or a percentage of  the gambled  money for the use of his device or apparatus.   The element or principle which ordinarily characterizes gaming tables or banking games is that they have a keeper, dealer or exhibitor, and that he bets against all players, or is interested in the game of chance against all the players.   This may result either directly or indirectly.   It results directly, as in the game of faro, when the keeper or dealer bets against all the players.   But it also results in a violation of this section of the statute when the players seem to  contend against each other, as in the game of keno, where the interest of the exhibitor or keeper of the game is only in the percentage of the money put up by the players.  *Portis* v. *State*, 27 Ark. 360.   But in all such cases the owner of the device or apparatus or instrumentality is interested in the  game by reason  of the price or percentage which he  receives; and it is by virtue of such interest that he violates this section of the statute when exhibiting any device, apparatus or instrumentality by which money or property is won and lost through chance or skill, or

both combined. Whether the keeper has a fund himself, which he puts up, or whether the players themselves put up the fund that is gambled for, the keeper or exhibitor of the device is interested in the game if, for the use of his device by which the game is played, he receives a price or pay. The instrumentality or structure which is furnished, by which the game is played, is not material. Any instrumentality by means of which the chance or skill, or both combined, are developed may constitute a gambling device. The gambling device may consist of dice and the throwing thereof. If the instrumentality is adapted and designed for the purpose of playing a game of chance for money or property, and is so used, then it constitutes such a device which comes within the prohibition of this section of the statute against gaming. *State* v. *Oswald,* 59 Kan. 508; *Bell* v. *State,* (Tex. Crim. App.) 22 S. W. 687.

We are of the opinion that there was evidence sufficient to warrant the verdict which the jury returned, and the judgment is accordingly affirmed.