## ROUTH *v.* THORPE.

### Opinion delivered March 11, 1912.

1. APPEAL AND ERRER—TIME FOR FILING BILL OF EXCEPTIONS.—Where time is given to a party beyond the term to prepare and tender a bill of exceptions to the judge, which, when approved, signed and filed with the clerk of the court, shall be and become a part of the record in the cause, a bill of exceptions presented to the judge within that time will not become a part of the record unless signed by him and filed with the clerk before expiration of the time allowed. (Page 47.)

2. SAME—FILING OF BILL OF EXCEPTIONS—TIME.—Before a bill of exceptions can be considered as a part of the record on appeal, the transcript on appeal must show that the bill was duly filed with the clerk within the time fixed by the court while in session; and this can only be shown by the filing mark signed by the clerk or by the fact that the transcript containing it is filed within the time allowed for filing the bill of exceptions. (Page 47.)

Appeal from Madison Circuit Court; *J. S. Maples,* Judge; affirmed.

*W. N. Ivie,* for appellant.

*Hugh A. Dinsmore,* for appellee.

The judgment should be affirmed because there is no evidence that the bill of exceptions was filed with the clerk within the time allowed by the trial court. 42 Ark. 488; 35 Ark. 396; *Id.* 386; 39 Ark. 558; 53 Ark. 415; 58 Ark. 110; Kirby's Dig., § 6225.

FRAUENTHAL, J.   This is an action instituted by Henry Thorpe against E. A. Routh to recover damages for fraud and deceit.   It was alleged that the defendant, by the false and fraudulent representations of his duly authorized agent, had induced the plaintiff to purchase a tract of land owned by him, and it was sought to recover the damages which the plaintiff had thereby sustained.   To this complaint the defendant duly filed his answer, and the case was thereupon tried by a jury upon the issues thus joined, resulting in a verdict in favor of the plaintiff.   The defendant has prosecuted this appeal, seeking to reverse the judgment entered upon the verdict. The grounds assigned by him why the judgment should be reversed relate to errors alleged to have been committed in the trial of the case.

To present such alleged errors, it is necessary that they

should appear in the record, upon which only we can pass. To make the matters thus complained of a part of the record, they must be presented in a bill of exceptions, duly signed by the trial judge and filed with the clerk so as to become a part of the record. In order for a bill of exceptions to become a part of the record, it is necessary that it be signed by the trial judge and filed with the clerk within the time fixed by the court while in session. In the case of *Adler* v. *Conway County*, 42 Ark. 488, it was held, quoting syllabus: "When time is given to reduce exceptions to writing, the bill of exceptions must be prepared and signed by the judge, and filed with the clerk, so as to become a part of the record, within the time given."

In the case of *Stinson* v. *Shafer*, 58 Ark. 110, the court said: "Where time is given to a party beyond the term to prepare and tender a bill of exceptions to the judge, which, when approved, signed and filed with the clerk of the court, shall be and become a part of the record in the cause, a bill of exceptions presented to the judge within that time will not become a part of the record unless signed by him and filed with the clerk before the expiration of the time allowed." See also *Toliver* v. *State*, 35 Ark. 396; *Walker* v. *State*, 35 Ark. 386; *St. Louis, I. M. & S. Ry. Co.* v. *Rapp*, 39 Ark. 558; *Watson* v. *Watson*, 53 Ark. 415; *Roberts & Shafer Co.* v. *Jones*, 82 Ark. 188; *Madison County* v. *Maples. ante* p. 44.

It follows that, before a purported bill of exceptions can be considered as a part of the record on this appeal, it is necessary that the transcript brought to this court must show that the bill of exceptions was duly filed with the clerk within the time fixed by the court while in session; and this can be only shown by the filing mark thereof, duly signed by the clerk, or by the fact that the bill of exceptions is incorporated in the transcript and the certificate of the clerk thereto is made within such time, thus showing that the bill of exceptions was filed with the clerk prior to such certificate, and therefore within the time fixed by the order of the court.

In the present case, it appears that on September 9, 1911, the court overruled defendant's motion for a new trial, and made an order granting sixty days in which to prepare and file the bill of exceptions. The purported bill of exceptions which

appears in the transcript bears no filing mark signed by the clerk, and therefore it does not appear to have been filed at any time prior to the date of the clerk's certificate to the transcript. The certificate of the clerk to the transcript is dated November 27, 1911, and therefore more than sixty days after the order was made fixing the time within which the bill of exceptions should be filed with the clerk. The bill of exceptions was not filed with the clerk, therefore, within the time fixed by the court while in session; and this purported bill of exceptions can not be considered as a part of the record.

No error appears in the record of the case which is properly before this court, and the judgment must accordingly be affirmed. It is so ordered.