### SOUTHERN LUMBER COMPANY *v.* LOWE.

Opinion delivered May 3, 1915.

1. BILLS OF EXCEPTION—JUDGE'S SIGNATURE—SIGNED WHEN.—A bill of exceptions may be signed by the judge in vacation, if done within the time specified in an order of the court entered at the trial term.

2. BILLS OF EXCEPTIONS—FILING.—The filing of a bill of exceptions is not a judicial act, but constitutes merely the making of a record of past transactions, and therefore may be done in vacation.

3. BILLS OF EXCEPTIONS—TIME FOR FILING—SUCCEEDING TERM.—Kirby's Digest, § 6222, provides that the time allowed by the trial court for filing a bill of exception must not be beyond the succeeding term. Appellant was given one hundred and twenty days in which to file a bill of exceptions; he filed the same within the time specified, but in the meantime, a succeeding term of court had come on, but when the bill of exceptions was filed the court was holding an adjourned session. *Held,* under the statute the bill of exceptions was filed on time.

4. BILLS OF EXCEPTIONS—TIME FOR FILING.—The only limitation, under Kirby's Digest, § 6222, upon the power of the court at the trial term to extend the time for filing a bill of exceptions, is that it must not run beyond the succeeding term, and the fact that the term is unduly extended by adjournments over from time to time does not prevent the extention of the time up to the limit of the number of days fixed by the court's original order.

Appeal from Bradley Circuit Court; *H. W. Wells,* Judge; motion to dismiss appeal overruled.

*B. L. Herring* and *Fred L. Purcell,* for appellant. *J. S. McKnight,* for appellee.

PER CURIAM. This is a motion to strike out the bill of exceptions and affirm the case on the ground that the bill of exceptions was not filed within the time provided by law and the order of the trial court. On October 1, 1914, the trial court overruled the motion for a new trial and gave appellant one hundred and twenty days thereafter within which to file the bill of exceptions, and the same was signed by the judge and filed with the clerk on January 29, 1915, which was the last day of the allotted period.

The statute provides, however, that the time allowed by the court for filing exceptions must not be "beyond the succeeding term." Kirby's Digest, section 6222. The next regular term of the Bradley circuit court, after trial term, began on January 4, 1915, and the court was continuously in session until January 16, when there was an adjournment over to March 29, 1915. It is insisted by counsel for appellee that the words of the statute, "not beyond the succeeding term," mean before the commencement of the succeeding term, but we think the decisions of this court have settled that point to the contrary. *Stinson* v. *Shafer,* 58 Ark. 110, and cases referred to therein.

The further question arises whether the words refer to a continuous session of the court or to the whole term up to the final adjournment. Our statute was copied from one in force in the State of Kentucky, and the courts of that State decided, while the statute was in force, that a bill of exceptions could not be signed by the trial judge in vacation, but if the time was extended beyond the trial term it must be to a day in the next term and the bill of exceptions must be settled during that term. The practice has, however, been uniform in this State, and has been recognized by this court, to permit a bill of exceptions to be signed in vacation if done within the time specified in an order of the court entered at the trial term. It has been decided here that the filing of a bill of exceptions is not a judicial act, but constitutes merely the making of a record of past transactions and therefore may be done in vacation, and that is the basis of our construction of the statute on this subject. *Bullock* v. *Neal,* 42 Ark. 278. Since we hold that the bill of exceptions may be signed by the judge and filed with the clerk in vacation, there is little reason for construing the statute to mean that it must be done during the succeeding term while the court is in session. It may be that the lawmakers, in using the language, had in mind a continuous session of the succeeding term, but the language is broad enough to mean, and we think does mean when fairly interpreted, that the limit is fixed at the

final adjournment if that does not go beyond the period of time fixed in the order of the court. The only limitation upon the power of the court at the trial term to extend the time for filing a bill of exceptions is that it must not run beyond the next succeeding term, and the fact that the next term is unduly extended by adjournments over from time to time does not prevent the extension of the time up to the limit of the number of days fixed in the court's original order.

The conclusion of the court therefore is that notwithstanding the bill of exceptions was not filed during a continuous session of the term of the court next succeeding the trial term, it was within time when filed within one hundred and twenty days and not beyond the final adjournment of the court.

The motion will therefore be overruled.