RILEY V. STATE.

Opinion delivered October 25, 1915.

1. APPEAL AND ERROR—ADMISSION OF EVIDENCE—ABSENCE OF BILL OF EXCEPTIONS.—The question of error in the admission of certain evidence, can only be presented on appeal by a bill of exceptions filed within the time allowed by law and fixed by the court, and where in a criminal case, fifteen days was allowed defendant, after his motion for a new trial was overruled, in which to file a bill of exceptions, and he failed to do so, issues presented therein can not be considered on appeal.

2. GAMBLING DEVICES—EXHIBITING—SUFFICIENCY OF INDICTMENT.—An indictment which charges that defendant "did keep and exhibit a certain gambling device, adapted, devised and designed for the purpose of playing a game of chance in which money may be won and lost, commonly called a pool table," *held* sufficient to charge the crime denounced in Kirby's Digest, § 1732.

Appeal from Boone Circuit Court; *John I. Worthington,* Judge; affirmed.

*Troy Pace* and *T. D. Crawford,* for appellant.

1. It was error to admit evidence of a custom. 86 Ark. 356; 92 S. W. 1081.

2. The evidence was insufficient and the indictment was bad. 67 Ark. 308; 93 *Id.* 81; 95 *Id.* 48; 94 *Id.* 242; 80 *Id.* 314; 12 *Id.* 608; 38 *Id.* 579; 47 *Id.* 492; 29 *Id.* 68; 27 *Id.* 360; 86 *Id.* 356; 12 So. 584; 59 Miss. 179; 66 L. R. A. 604; 30 N. C. 271; Kirby's Dig. § 1732; 13 Ark. 681; 86 Ark. 353; 106 Ark. 488; 18 B. Mon. 35; 10 Tex. App. 377; 27 *Id.* 310; 32 N. J. L. 158; 17 Ohio St. 32; 39 Mo. 420; 75 Ind. 586; etc.

*Wallace Davis,* Attorney General, and *John P. Streepey,* Assistant Attorney General, for appellee.

1. The bill of exceptions was not filed in time. This eliminates all questions as to the evidence and instructions. 117 Ark. 154; *Calloway* v. *State,* 120 Ark. 204.

2. The indictment is sufficient. Kirby's Dig. § 2427; 100 Ark. 195; 102 *Id.* 213; 86 *Id.* 356; 13 Ark. 681; 88 Ark. 413; 101 *Id.* 159.

WOOD, J. Appellant was indicted as follows: "The grand jury of Boone County, in the name and by the au-

thority of the State of Arkansas, accuse J. Riley of the crime of exhibiting a gambling device, committed as follows, to-wit: The said J. Riley in the county and State aforesaid, on the 10th day of September, A. D., 1914, being then and there the occupant of a certain house, in the City of Harrison, in said county and State, did then and there unlawfully and knowingly set up, keep and exhibit a certain gambling device adapted, devised and designed for the purpose of playing a game of chance and in which money may be won or lost, which said gambling device was commonly called a poll table, against the peace and dignity of the State of Arkansas.''

(1) Appellant urges for reversal alleged error of the court in admitting certain evidence and in giving certain instructions. The record shows that on the 5th of August, 1915, appellant filed his motion for a new trial, which was overruled, and that he also filed a motion in arrest of judgment, which was overruled. Thereupon appellant was granted "fifteen days within which to prepare and file his bill of exceptions." The bill of exceptions was not filed within the time given by the court. See. *Stinson* v. *Shafer,* 58 Ark. 110; *Routh* v. *Thorpe,* 103 Ark. 46, and cases cited; *Peebles* v. *Columbian Woodmen,* 111 Ark. 435. Therefore, we can not consider the alleged errors relating to the admission of testimony and the giving of instructions, as these can only be presented by a bill of exceptions. *McLaughlin* v. *State,* 117 Ark. 154.

(2) Appellant's motion in arrest of judgment challenges the sufficiency of the indictment. Section 1732 of Kirby's Digest provides: "Every person who shall set up, keep or exhibit any gambling table or gambling device (naming certain ones), * * * or bank of the like or similar kind, or of any other description, although not herein named, be the name or denomination what it may, adapted, devised or designed for the purpose of playing any game of chance, or at which any money or property

may be won or lost, shall be deemed guilty of a misdemeanor," etc.

It is generally sufficient to describe an offense created by statute in the words of the statute. *Portis* v. *State*, 27 Ark. 360; *State* v. *Hooker*, 72 Ark. 382. The indictment charged that the appellant "did keep and exhibit a certain gambling device, adapted, devised and designed for the purpose of playing a game of chance in which money may be won and lost, commonly called a pool table." This is sufficient, under our statute and the latest decisions of this court on the subject, to charge a public offense. *State* v. *Sanders*, 86 Ark. 353; *Tully* v. *State*, 88 Ark. 411; *Johnson* v. *State*, 101 Ark. 159.

It is wholly immaterial under the statute, as to what the name or denomination of the device may be. The statute was leveled at devices "adapted, devised and designed for the purpose of playing a game of chance at which any money or property may be won or lost," no matter what the name of such device may be. The indictment under review expressly charges that appellant exhibited such a device.

As before stated, we cannot enter upon the question as to whether the evidence was sufficient to sustain the charge. The only question for decision is whether the indictment itself is couched in language setting forth facts which, if proved, would constitute a public offense. According to the cases *supra* the indictment charges a public offense.

The judgment is therefore correct, and it is affirmed.