FURLOW AND TURNER *v.* STATE.

Opinion delivered April 24, 1916.

GAMING—POOL TABLES.—A judgment convicting defendant of exhibiting a gambling device in violation of Kirby's Digest, § 1732, can not be sustained where there is no testimony that the pool tables kept by defendant were used for gaming, or were exhibited to attract betters, nor proof that gaming was carried on in the pool hall.

Appeal from Little River Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

*June R. Morrell,* for appellants.

1. A pool table is not *per se* a gambling device and there is no evidence whatever that gambling was allowed or permitted. Kirby's Digest, § 1732; 86 Ark. 353; 84 Ala. 13; 116 Ark. 390.

*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant, and *Abe Collins,* Prosecuting Attorney, for appellee.

1. The judgment should be affirmed under the decision in 120 Ark. 450.

2. The facts proven were sufficient to prove a public offense and sustain the conviction. Kirby's Digest, § 1732; 120 Ark. 450; 27 Ark. 360; 72 *Id.* 382; 101 *Id.* 159; 141 S. W. 493.

HART, J. Appellants were indicted and convicted of the charge of exhibiting a gambling device contrary to the provisions of section 1732 of Kirby's Digest. From the judgment of conviction they have duly prosecuted an appeal to this court. The facts are as follows:

Appellants were engaged in operating a pool hall in Ashdown, Little River County, Arkansas. The pool tables in the hall were ordinary pool tables and the usual games that are played on such tables were played by appellant's customers. Appellant had a sign up which read, "No gambling allowed" and the prosecuting witness stated, so far as he knew no gambling had been allowed in the pool hall. It is contended that the judgment should be affirmed under the authority of *Riley* v. *State,* 120 Ark. 450, 179 S. W. 661. There appellant filed a motion in arrest of judgment which challenged the sufficiency of the indictment. We held that the indictment was sufficient to charge a public offense but the court expressly said that it could not enter upon the question as to whether the evidence was sufficient to sustain the charge.

In *Town of Dardanelle* v. *Gillespie,* 116 Ark. 390, the court held that in the absence of any showing that a pool hall was operated for the purpose of gaming, or was so

conducted as to be a nuisance, a town council would have no authority to pass an ordinance prohibiting the maintenance of the pool hall.

There is not the slightest testimony that the pool tables of appellants were used for gaming and that the tables were exhibited to attract betters. There is no proof even that any gaming was carried on in the pool hall. The defendants were not guilty of exhibiting a gaming device under section 1732 of Kirby's Digest. *Gershner* v. *State,* 106 Ark. 488; *Johnson* v. *State,* 101 Ark. 159; *State* v. *Sanders,* 86 Ark. 353.

It follows that the judgment must be reversed and inasmuch as the proof has been fully developed, the case will be dismissed here.