The Honorable Bruce Hawkins State Representative 211 East Church Morrilton, Arkansas 72110
Dear Representative Hawkins:
This is in response to your request for an opinion on whether a particular device, (a felt-covered blackjack style table), constitutes a "gaming device" within the meaning of A.C.A. §5-66-104, which you note provides as follows:
 Every person who shall set up, keep, or exhibit any gaming table or gambling device, commonly called A.B.C., E.O., roulette, rouge et noir, or any faro bank, or any other gaming table or gambling device, or bank of the like or similar kind, or of any other description although not herein named, be the name or denomination what it may, adapted, devised, or designed for the purpose of playing any game of chance, or at which any money or property may be won or lost, shall be deemed guilty of a misdemeanor and on conviction shall be fined in any sum not less than one hundred dollars ($100) and may be imprisoned any length of time not less than thirty (30) days nor more than one (1) year.
It is my opinion, although the question may be one of fact, that felt-covered "blackjack style" tables would generally fall within the statute above. The statute prohibits the setting up, keeping, or exhibiting of "gaming tables" as well as "gaming devices." If the table to which you refer is adapted, devised, or designed for the purpose of playing any game of chance, or a game at which money or property may be won or lost, it falls within the statute.
You note in your request that many nonprofit charitable organizations hold fund raisers whereby tables similar to blackjack tables in Las Vegas are placed on the premises for use in charitable fund raising activities. You also indicate your impression that the statute above is designed to prevent the actual use or maintenance of such devices for the express purpose of gambling, and distinguish the playing of "blackjack" from other games such as roulette, which is entirely governed by chance and does not require an element of skill, as does blackjack.
It should be noted in this regard that the Arkansas Supreme Court has held that even if some or all of the proceeds from a gambling operation go to worthwhile causes or to charitable or religious organizations, this fact does not exempt them from operation of the gambling statutes. State v. Bass, 224 Ark. 976,277 S.W.2d 479 (1955). See also, Op. Att'y. Gen. No. 86-545. Simply put, the Arkansas gambling statutes make no exception even for purely charitable activities which constitute "gambling." This term has been defined as the "risking of money, between two or more persons, on a contest or chance of any kind, where one must be the loser and the other gainer." Portis v. State, 27 Ark. 360,362 (1872). In many states, the state legislatures have passed specific laws authorizing gambling activities for charitable purposes, and these activities are strictly regulated. This is simply not the law of Arkansas. If an activity or device falls within the terms of the statutes, the fact that it is conducted for charitable purposes will not exempt it.
Additionally, the fact that skill is required in a contest or game, although it may prohibit the activity from being termed a "lottery" under the Arkansas Constitution, does not prevent it from constituting "gambling" under the various Arkansas gambling statutes. Article § 19, § 14 of the Arkansas Constitution, prohibits lotteries, which are construed as requiring that the element of chance not only be present, but control and determine the awarding of the prize. Longstreth v. Cook, 215 Ark. 72,220 S.W.2d 433 (1949). Under the various Arkansas gambling statutes, however, no similar condition exists. The statute to which you refer, A.C.A. § 5-66-104, does not limit its applicability to "games of chance." It applies to devices designed "for the purpose of playing any game of chance, or at which any money orproperty may be won or lost." (Emphasis added.) Moreover, it has been held that this statute covers one who furnishes any device "by which money is won and lost through chance or skill, or bothcombined." Johnson v. State, 101 Ark. 159, 162-163,141 S.W. 493 (1911). See also A.C.A. § 5-66-113, which prohibits the betting of any valuable thing on any game of hazard or skill, and Op. Att'y. Gen. No. 91-167.
It is thus my opinion that the felt-covered "black jack" table to which you refer would generally fall within the statute.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted, however, that A.C.A. § 5-66-103, the prohibition against the keeping of "gambling houses," has been held unconstitutionally vague in State v. Torres and Dunahay,
Faulkner Circuit Court, No. CR-91-372, 91-374, and 91-376. An appeal to the Arkansas Supreme Court is pending. A determination as to the constitutionality of this statute, however, will not be of precedential value as to the validity of A.C.A. § 5-66-104, the statute about which you inquire. Although similarly drafted, a separate judicial determination will be necessary as to this statute.