## TULLY v. STATE.

### Opinion Delivered December 14, 1908.

1. GAMING—EXHIBITING GAMBLING DEVICE—CONSTRUCTION OF STATUTE.—A conviction of exhibiting a gambling device contrary to Kirby's Digest, § 1732, is not sustained by proof merely of playing a game of poker for money, which constitutes an offense under Kirby's Digest, § 1739. (Page 412.)

2. SAME—CONSTRUCTION OF STATUTE.—The fact that the owner of a table at which a game of poker is played plays in the game and furnishes the chips to the other players does not make him a "keeper or exhibitor" of a gaming table, within Kirby's Digest, § 1732. (Page 413.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

Appellant *pro se.*

Poker does not come within the statute prohibiting the exhibition of gambling devices. *Stith* v. *State,* 13 Ark. 680, is conclusive of this case.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

The laws against gambling "shall be so construed as to have effect, and to include all such games and devices as are not specially named, and in all cases when construction is necessary, it shall be in favor of the prohibition and against the offender." Kirby's Dig. § 1745. The table described might have been used

for many purposes, but was in fact being used for the playing of poker. The facts justify the lower court in holding that it was a device used in that game. 84 Ala. 13; 61 Ala. 1; 70 Ala. 1; 83 Ala. 84; 12 Wis. 434; 86 Ark. 353.

McCULLOCH, J. Appellant was tried before the circuit court, sitting as a jury, and convicted of the charge of exhibiting a gambling device contrary to the provisions of the statute on that subject. Kirby's Digest, § 1732. The following is an agreed statement of the facts:

"On the 6th day of May, 1908, William Tully rented two rooms in the Hotel Henry for one month. In one room there was a bed and such other furniture as is usually found in a bed room. In the other room there was no furniture except a round table covered with a sheet and some chairs. On or about the 1st day of June, 1908, officers raided these two rooms and found therein the defendant, William Tully, and several men. These men were seated around this table, playing for money a game of poker. When arrested, the defendant Tully asked permission of the officers to cash the chips of the other players in the game, the game being played with chips representing money, and, this request being granted, said Tully cashed or redeemed the chips held by the other players."

It further appeared in the record that appellant had been previously arrested on the charge of gambling, based on the same game of poker referred to in the present case, and pleaded guilty. Do the facts agreed upon constitute guilt of the offense charged?

The statute under which the charge against appellant is lodged was discussed at some length and construed by Chief Justice WATKINS in the case of *Stith* v. *State,* 13 Ark. 680, where he said: "The first section of the statute is aimed at those who set up, keep, or exhibit what are known as banking games, or gaming tables, against which persons bet, such as roulette, *rouge et noir,* faro and the like; and the exhibition of which is commonly understood to be a challenge to all persons to bet against them. * * *

"An attentive perusal of the statute makes the conclusion almost inevitable that the first seven sections are intended to re-

late exclusively to the banking games, whether called by names specified, or by any new name or device."

In that case the defendant was charged with violating the fourth section of the gambling statute (Kirby's Digest, § 1735) which made it unlawful for the owner or occupant of any house, outhouse, etc., to suffer any of the devices or games mentioned in the first section to be exhibited or carried on in their houses. With reference to this, the court said: "Our opinion is that the offense designed to be punished by the fourth section is the suffering or permitting to be carried on or exhibited in any house, etc., by the owner or occupant thereof, any banking games, gambling tables or devices prohibited in the first section, and not the playing or betting at any of the games mentioned in the eighth section. * * * So much of the opinion in State v. Mathis (3 Ark. 84) as extends the offense intended to be punished to the fourth section to the sufferance, by the owner or occupant of any house, of the playing of the smaller games mentioned in the eighth section, is not in accordance with what seems to be the object and policies of the statute, but rather calculated to defeat it."

That decision undoubtedly establishes a construction of the statute that the section under which the charge in the present case is based refers only to banking games and gaming tables or devices at which banking games are played, and not merely to the games of chance specified in the latter section (1739).

The court in that case seems also to have construed the term "banking games" to mean only those which involved the idea of the banker or exhibitor betting against the players, but this construction has been modified by the recent case of State v. Sanders, 86 Ark. 353, where we held that the statute applied to the exhibition of a pool table designed for play where the losing participants in the game paid to such owner the price for the use of the table. No reference is made to Stith v. State in the last-named case, but the undoubted effect of the decision is to modify to some extent the doctrine announced in the former. We have no hesitancy, however, in saying that the doctrine of Stith v. State is correct, so far as it holds that the first section of the statute applies only to banking games and devices, and that a banking game of chance is one in which the banker or exhibitor is interested in the result of the play. The fact merely that the

owner of the table or other device plays in the game with the other gamblers does not make him interested in the game as banker or exhibitor, so as to render him liable under the statute for exhibiting a gambling table or device.

It is not shown here that appellant was interested in the game as banker or exhibitor. The most that is shown is that he, with others, gambled at a table and with chips which he furnished. The fact that he cashed the chips does not show that he was interested further than as a player. In furnishing the chips and in cashing them at the close of the game he may have been acting merely as stake-holder in a game in which he was a participant. It devolved upon the State to show that he was interested as banker or exhibitor in the result of the game, and not merely as a participant in the game of poker.

Reversed and remanded for new trial.

Hill, C. J., (dissenting). If *Stith* v. *State,* 13 Ark. 680, is correctly interpreted by the majority of the court, then in my opinion it should be overruled, as such construction is not consistent with the plain terms of the statute. But I do not agree with their construction of that opinion. The charge in that case was that the defendant knowingly permitted divers persons to play the game of poker in his house. The question was whether such charge fell within the fourth section of the statute against gambling. (Kirby's Digest, § 1735.)

The difference between banking games and what were denominated small games was the point of discussion of the learned Chief Justice. He was not going into the other provisions of the statute relating to maintenance of gaming tables, gambling devices, etc., but was considering only the case in hand. This is evidenced by the language used in his conclusion of the subject: "Our opinion is, that the offense, designed to be punished by the fourth section (which is section 1735) is the suffering or permitting to be carried on or exhibited in any house, etc., by the owner or occupant thereof, any of the banking games, *gaming tables* or *devices prohibited in the first section,* and not the playing or betting at any of the games mentioned in the eighth section" (italics mine).

The first section (Kirby's Dig. § 1732) prohibits the setting up, keeping or exhibiting "any gaming table or gambling de-

vice * * * * or any faro bank, or any other gambling table or device, or bank of the like or similar kind * * * adopted, devised or designed for the purpose of playing any game of chance, etc."

To restrict this to banking games when they are only one—albeit the chief one aimed at—is contrary, in my opinion, to the plain terms of this statute. I do not so understand the Stith case. If it so rules, it ought to be quickly overruled.