## HALL *v.* STATE.

### Opinion delivered October 2, 1916.

1. JURORS—DISQUALIFICATION—PRESUMPTION.—Appellant and others were indicted jointly for the crime of burglary and grand larceny. Appellant sought a severance, and was tried separately. *Held.* The fact that certain jurors who were used in his trial had sat in the trial of other of the persons indicted for this crime did not of itself render them disqualified. The presumption exists that jurors are not disqualified by prejudice or otherwise, until the contrary appears.

2. BURGLARY AND GRAND LARCENY—SUFFICIENCY.—The evidence held sufficient to warrant a conviction of the crimes of burglary and grand larceny.

3. CONFESSION—PROOF.—While it devolves on the state to show that a confession was voluntarily made, before it can be introduced in evidence, it is not necessary to establish that fact beyond a reasonable doubt, but it is sufficient to show it by a mere preponderance of the testimony.

4. APPEAL AND ERROR—EFFECT OF ERRONEOUS STATEMENT IN A REQUESTED INSTRUCTION.—It is not error to refuse to give a requested instruction which contains an erroneous statement.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*M. E. Sanderson,* for appellant.

1. The court erred in compelling defendant, after his peremptory challenges were exhausted, to accept as jurors persons who served as jurors on a former trial.

2. It was error to refuse instruction No. 4. The State must show *beyond a reasonable doubt* that the fear of punishment was removed before a confession of defendant is admissible in evidence against him, and not by a mere *preponderance of evidence.*

3. The evidence is insufficient. Neither the person or property were identified.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1. There was no error in the court's acceptance of the jurors. 44 Ark. 115; 58 *Id.* 353; 66 *Id.* 53; 79 *Id.* 127; 120 S. W. 419; 36 Wash. 358; 145 Pa. 451; 40 S. E. 308; 129 S. W. 141.

2. There is no error in the court's charge. 73 Ark. 497; 93 *Id.* 156; 109 *Id.* 366; 1 Rul. Case Law, 564; Underhill on Cr. Ev. § 140; 113 Iowa, 691; 121 Ga. 344; 190 Penn. St. 23; 113 Iowa 691; 107 Ark. 568; 14 *Id.* 555; 34 *Id.* 654; 122 Ark. 606.

3. The confession was authenticated by the finding of the stolen property. Wigmore on Evidence, § 856; 47 Ark. 174; 122 Ark. 606.

McCULLOCH, C. J.   The defendant, Aubrey Hall, was indicted jointly with Roy Thomas, Bert Elliot and W. B. Walker, on the charge of burglary and grand larceny by entering the store of W. A. Benge in the City of Texarkana, and on his election to sever his cause from that of the other defendants he was put on trial and convicted on both charges.

(1)   The bill of exceptions contains the brief recital of an exception to the overruling by the court of defendant's objection to the competency of certain jurors who had served as jurors in the cases against Thomas and Walker.   The record does not show affirmatively that the trials in which the jurors served were upon the particular indictment involved in the present case, and the Attorney General in his brief makes the assertion that it was another charge against the same parties which the jurors had previously tried.   The mere fact that the jurors had served in another case in which the defendant and others had been indicted would not disqualify them as jurors in the present case; and in order to sustain the exception, it devolved upon the defendant to show affirmatively that the jurors had served in another case which disqualified them from serving in the present case.   We are of the opinion, therefore, that the recitals of the bill of exceptions do not show facts sufficient to establish prejudice in the ruling of the court in compelling the defendant to accept the jurors.   The presumption is, until the contrary appears, that they were not disqualified by prejudice or otherwise.

(2)   The evidence on the part of the State establishes the fact that the store of Benge was burglarized on a certain occasion, and that the defendant made a voluntary confession as to his participation in the crime. The evidence was, therefore, sufficient to sustain a conviction.   Defendant contended that his confession was extorted by threats and violence, but the evidence was conflicting on that feature of the case and we feel bound by the findings of the court and jury on that issue.

(3)   After hearing the evidence, the court admitted the testimony concerning the confession and also sub-

mitted the issue to the jury as to whether or not the confession was voluntary. It is contended that the court erred in instructing the jury that the State was only bound to show by a preponderance of the evidence that the confession was voluntary. The contention is that the State should have been required to prove that fact beyond a reasonable doubt before the confession would be admissible.

"The doctrine of reasonable doubt," said this court in the case of *Lackey* v. *State*, 67 Ark. 416, "applies to the general issue of guilty or not guilty; but it does not apply to each item of testimony or to each circumstance tending to show the guilt of the defendant." In *Lasater* v. *State*, 77 Ark. 468, the court held that in the trial of a criminal case where corroboration was required, it was not essential that the State establish the corroboration beyond a reasonable doubt. These authorities are conclusive of the present question, and we hold that while it devolves on the State to show that a confession was voluntarily made before it can be introduced in evidence, it is not necessary to establish that fact beyond a reasonable doubt, but that it is sufficient to show it by a mere preponderance of the testimony.

(4) Counsel for defendant further insist that the court erred in refusing to give an instruction on the subject of the necessity for the State to prove that the confession was made without fear or coercion, but we need not pass upon the correctness of that part of the instruction for the reason that it contained an erroneous statement that it devolved upon the State to prove beyond a reasonable doubt that fear had been removed before the confession could be considered as evidence. That part of the instruction was, as before stated, erroneous, and the defendant is in no attitude to complain of the court's ruling in rejecting an instruction which contained that erroneous statement.

The record does not disclose any error which occurred at the trial, and as the evidence is sufficient to sustain the verdict the judgment must be affirmed. It is so ordered.