SORRENTINO *v.* STATE.

4525                                    214 S. W. 2d 517

Opinion delivered November 15, 1948.

*Wils Davis* and *Berl S. Smith,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellant was indicted and convicted of operating a gambling house in violation of § 3322 of Pope's Digest and sentenced to two years in the state penitentiary.

Assignments 1 to 3 and 9 to 11 in the motion for new trial challenge the sufficiency of the evidence to support the verdict. The testimony on behalf of the State reflects that appellant leased a building on Highway 18 near Jonesboro in April, 1947, in which he operated the Flying Tiger Club. The front part of the building consisted of a café and a large dance hall. There was a smaller room back of the dance hall referred to as the "Blue-Room" which was originally built for use as a private dining room. This room contained several tables and chairs and a long counter or bar from which beer was sold.

Seven witnesses who frequented the club during the latter months of 1947 testified that gambling in various forms was conducted in the Blue Room. Some of these witnesses participated in dice games conducted by appellant who sold them chips and acted as "stick man." One witness described the dice table as having "come," "crap," "field" and other bets usually found on such devices. At the times this witness was present all bets were covered by one man. Two witnesses played and lost money at blackjack, a card game, in which appellant was the dealer and sold them chips. Others won or lost money in a slot machine kept on the counter. The testimony tends to show that appellant was in charge of the business including the gambling activities conducted in the Blue Room. This evidence was sufficient to sustain the verdict and to establish the charge that appellant kept, conducted, operated and had an interest in the conduct and operation of a gambling house as alleged in the indictment. *Cain* v. *State,* 149 Ark. 616, 233 S. W. 779; *Turner* v. *State,* 153 Ark. 40, 239 S. W. 373.

Appellant requested and the court refused instructions telling the jury that it was necessary for it to find that appellant received some profit or remuneration from the persons using the gambling room before he could be found guilty of a felony under § 3322, *supra*. Appellant relies on such cases as *Tully* v. *State,* 88 Ark. 411, 114 S. W. 920, and *Johnson* v. *State,* 101 Ark. 159, 141 S. W. 493, in support of his contention that the court erred in denying the requests. These cases involved convictions of a misdemeanor in the keeping or exhibiting of gaming devices in violation of § 3320 of Pope's Digest. The offense charged in this section does not have reference to conducting or operating a house or place set apart for gambling purposes as does § 3322, *supra*. This difference in the two statutes was pointed out in the case of *Turner* v. *State, supra*. In the instant case the court treated the indictment as embracing the lesser offense and fully instructed the jury under both statutes. In instruction No. 4 the jury was told that in considering the charge of exhibiting a gaming device under § 3320 it was necessary to find beyond a reasonable doubt that appellant received some price or percentage for the use of the devices exhibited as was held in the Tully and Johnson cases, *supra*. The jury found appellant guilty of the higher offense of operating a gambling house.

Construing the felony statute in *Turner* v. *State, supra,* this Court said: "This statute is leveled at the specific offense of 'keeping, conducting or operating a house or place' for the purpose of allowing gambling to be carried on therein, or any gambling device or devices to be set up and exhibited therein. The gravamen of the offense is the maintaining of a house or place where those who desire to engage in gambling or to exhibit any gambling device or devices, may resort and find shelter, so to speak, while indulging in their gambling practices. The gist of the offense is the keeping of the house or place for the purposes named therein."

It was further said in that case that one accused of violating the statute would be guilty "if he suffered and permitted gaming tables to be exhibited and gambling to be carried on in a house which he controlled and kept and

conducted for gambling purposes, whether he himself engaged in gambling or maintained and exhibited gaming tables and other gambling devices or not. He would also be guilty if he kept and conducted a house for gambling purposes and he himself engaged in gambling or operated and exhibited gaming devices therein.''

The instructions given by the trial court conformed to the above interpretation of the statute and the jury was required to find that appellant had an interest in the conduct and operation of a gambling house as defined in the statute before he could be found guilty of the charge. The guilt of an accused under the statute is not conditioned on his realization of a gain or profit from the gambling transactions. A gambling house might be operated at a loss. Appellant made no objection to the eight instructions given by the trial court. These instructions fully covered all the issues and there was no error in the court's refusal of the instructions requested by appellant.

Appellant also insists that he was not tried by a fair and impartial jury. The prospective juror, Gage, was peremptorily challenged and excused by appellant, after the trial court denied a defense motion that he be excused for cause. Appellant later exhausted his peremptory challenges. Mr. Gage stated on his *voir dire* that he participated in the preparation of a resolution adopted by his church commending county and court officials in the enforcement of the criminal laws. The resolution was not brought into the record. According to the answers of the prospective juror, it was not directed to the particular charge against appellant or others who were indicted on gambling charges at the same term of court, but referred to law enforcement in general. There is no showing that Mr. Gage was acquainted with appellant, or his place of business; or that he had formed or expressed an opinion as to appellant's guilt. On the contrary he stated that he had no such opinion, although he had heard the case discussed. The fact that a person is a member of a particular order or organization is not in itself ground for challenge of the juror for cause, at least where it is not shown that such organization is connected

with the prosecution of the case at bar. 50 C. J. S., Juries, § 229. In *Corley* v. *State,* 162 Ark. 178, 257 S. W. 750, this court held that a juror who had contributed money to promote a law and order league for the purpose of suppressing lawlessness, but not for the purpose of prosecuting the accused, was not thereby disqualified. In that case the accused was convicted of selling intoxicating liquors and some of the veniremen entertained a special antipathy to the offense, but stated that they would not convict one charged with the commission of such offense unless he was shown to be guilty by the testimony. The Court said:

"The rule is that a juror is not disqualified from trying a person accused of a particular crime because he has a prejudice against the crime charged, if such prejudice against a particular crime would not prevent the juror from impartially considering the question of the guilt of the accused." See, also, *Tong* v. *State,* 169 Ark. 708, 276 S. W. 1004. Appellant had a right to inquire into the attitude of the prospective juror and his connection with the resolution adopted by the church in order that he might intelligently exercise the peremptory challenges which the law gives him. But it does not follow that he had the right to have Gage excused for cause in the absence of a showing of bias or prejudice against him on the particular crime charged.

The trial court also refused to excuse the juror Gambill for cause after appellant had exhausted his peremptory challenges. This juror had served on the jury at the same term of court in the trial of another for operating a gambling house. He did not know appellant and had not heard the case against him discussed. He stated that he understood the law of presumption of innocence and reasonable doubt and would require the State to meet the burden which the law placed upon it in the trial of appellant. The juror was not incompetent merely because he had served at the trial of some other defendant charged with an offense of the same character as that charged against appellant. *Hall* v. *State,* 125 Ark. 263, 188 S. W. 801; *Kirkpatrick* v. *State,* 177 Ark. 1124, 9 S. W. 2d 574; 50 C. J. S., Juries, § 223, p. 964.

Error is also assigned in the refusal of the court to exclude certain testimony of the owner of the building in which the night club was operated. The witness stated that he had not been in the back part of the building since he leased it to appellant until shortly before the trial. On this visit he found that a small hole had been cut in the door leading from the dance hall to the Blue Room. The door to the opening was attached to hinges and was opened or closed from inside the Blue Room. On his direct examination he referred to this opening as a "peephole" without objection. He stated on cross-examination that he had no personal knowledge of the use made of the opening and that it could have been used either as a peephole or a serving shelf for food. There was no testimony showing the actual use made of the opening. We find no prejudicial error in the court's refusal to exclude this testimony.

The judgment is affirmed.