Perez *v.* State.

5083                                    370 S. W. 2d 613

Opinion delivered September 23, 1963.

*Sam L. Anderson,* for appellant.

*Bruce Bennett,* Attorney General, by *Richard B. Adkisson* and *John P. Gill,* Assistant Attorneys General, for appellee.

Jim Johnson, Associate Justice. Appellant Julian Perez was one of three men arrested for robbery of a Safeway Grocery Store. On February 11, 1963, he was charged with robbery by information, and trial was set in Garland Circuit Court for May 9, 1963. On the morning of May 9th, an article appeared in the local newspaper relating the facts of the robbery and stating that the other two men charged in the same robbery had pleaded guilty and been sentenced to six years in the penitentiary. In chambers before trial, appellant moved the court for a continuance because of the article and introduced the article into evidence. The motion for a continuance was denied.

At the conclusion of the trial that day, the jury found appellant guilty and sentenced him to six years in the penitentiary.

922

Appellant has appealed contending that the trial court erred in refusing to grant a continuance on the motion submitted on the morning of trial.

The applicable Arkansas Criminal Procedure statute on continuances is Ark. Stat. Ann. § 43-1705 (1947), which states:

"Postponement.—When an indictment is called for trial, or at any time previous thereto, the court, upon sufficient cause shown by either party, may direct the trial to be postponed to another day in the same term, or to another term."

The following section (§ 43-1706) provides that the civil procedure statutes (§§ 27-1402-27-1404) on postponement of trial in civil actions will apply to the postponement of prosecutions on behalf of defendants. These civil procedure statutes relate to postponement after amendment of pleadings, continuance for absence of evidence or witnesses, and payment of costs. Review of our case law reveals that other grounds frequently used are physical or mental condition of defendant, objections to the jury, want of time for preparation, absence of counsel, and surprise at trial.

In *Moore* v. *State,* 229 Ark. 335, 315 S. W. 2d 907, the trial court gave permission for television filming in the corridors during appellant's trial. A radio newscast the night before announced the planned televising, and appellant's attorney moved for a continuance to determine whether the radio announcement adversely affected his client. The motion was denied, and in upholding that ruling this court stated simply, "We fail to see how the radio announcement could be a cause for continuance. The statutes (Ark. Stats. § 43-1705 *et seq.*) and construing cases specify the essential content and showing that must be made in a motion for continuance; and no such content or showing was here made."

There is no doubt that the granting or refusing of a motion for continuance is addressed to the sound discretion of the trial court, *Martin* v. *State,* 194 Ark. 711, 109 S. W. 2d 676; *Brockelhurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527; *Gentry* v. *State,* 201 Ark. 729, 147 S. W. 2d

1; and will not be reversed unless the trial court abuses its discretion. *Burriss* v. *Wise*, 2 Ark. 33; *Smith* v. *State*, 200 Ark. 1152, 143 S. W. 2d 190; *Turner* v. *State*, 224 Ark. 505, 275 S. W. 2d 24. In *Shushan* v. *United States*, 117 F. 2d 110, 133 A. L. R. 1040, cert. den. 313 U. S. 574 (CA 5th La., 1941), the Court of Appeals held that the trial court had not abused its discretion in denying a continuance because of allegedly prejudicial newspaper publicity, pointing out that the trial judge was a resident of the vicinity and personally cognizant of the true situation. In an overwhelming number of cases appellate courts have refused to reverse the trial court for refusing continuances sought on the basis of excitement or prejudice. In *Finnegan* v. *United States*, 204 F. 2d 105 (8th Cir. 1953), the Court of Appeals went so far as to say that newspaper publicity tending to excite public prejudice against a defendant is not usually considered a sufficient reason for granting an application for continuance.

A number of well-reasoned cases have held that refusal to grant a continuance is not an abuse of discretion because *voir dire* examination is sufficient protection, giving the defendant ample opportunity to determine whether jurors have been prejudiced by newspaper articles about the crime or the defendant. *Bianchi* v. *United States*, 219 F. 2d 182 (8th Cir. 1962), cert. den. 349 U. S. 915, 75 S. Ct. 604, 99 L. Ed. 1249; *United States* v. *Hoffa*, 156 F. Supp. 495 (D. C. N. Y. 1961); *State* v. *Sheppard*, 100 Ohio App. 345, 128 N. E. 2d 471; *Wilcoxon* v. *State*, Okl. Cr., 343, P. 2d 194; *State* v. *Sanders*, (Mo.) 313 S. W. 2d 658; 39 A. L. R. 2d 1314. In the case at bar, appellant introduced no evidence or testimony to show prejudice, although the burden was upon him to do so. Further, on *voir dire*, the court examined the jury accordingly:

"The Court: There was an article in the paper, probably some of you read it and some of you did not. Have you read anything in the paper about two of these parties having disposed of their cases prior to this morning, and if you have, would that fact effect you in any way at arriving at a verdict based upon the evidence you hear from the witness stand and the law given to you by

the Court? In other words, anything that you may have read in the newspapers about the other parties involved —if you have read it—from that did you form any opinion as to the innocence or guilt of this defendant?''

The record reflects no affirmative or negative response to this part of the examination. The appellant had the opportunity to examine the panel further on this point if he was not satisfied, and he could and did excuse certain of the jurors. The statute (§ 43-1705, *supra*) calls for ''sufficient cause'' for postponement. This we have not been shown and we must therefore affirm the judgment of the trial court.