**UNITED STATES of America,**
**Appellee**

v.

**Jack OLLARY, Appellant.**

**No. 72–1492.**

United States Court of Appeals,
Fourth Circuit.

Sept. 11, 1972.

**546**

Lamar Gudger, Asheville, N. C., on brief for appellant.

Keith S. Snyder, U. S. Atty., and Michael S. Scofield, Asst. U. S. Atty., on brief for appellee.

Before WINTER, BUTZNER, and RUSSELL, Circuit Judges.

PER CURIAM:

Jack Ollary appeals from the judgment entered on his conviction by a jury for receiving and concealing a stolen motor vehicle moving in interstate commerce, knowing the vehicle to have been stolen. 18 U.S.C. § 2313. Ollary asserts as reversible error (1) the denial of his motion for continuance alleging prejudice resulting from composition of the jury panel; (2) the denial of his motion for judgment of acquittal at the conclusion of the government's evidence and at the conclusion of all the evidence; (3) the instruction to the jury with regard to accomplice testimony; and (4) the overruling of his motion to set the verdict aside and to grant a new trial. We find no error.

■ The denial of a motion for a continuance is a matter within the discretion of the trial court and is not to be overturned absent a showing of abuse of that discretion. United States v. Pigford, 461 F.2d 648 (4 Cir. 1972); Virginia Beach Bus Line v. Campbell, 73 F.2d 97 (4 Cir. 1934), cert. denied, 294 U.S. 727, 55 S.Ct. 637, 79 L.Ed. 1258 (1935). While Ollary maintains that he was prejudiced by the denial of his motion because several members of the jury panel had either participated in or audited the related case of United States v. Arrington, he made no challenges for cause and exercised only two of his ten peremptory challenges. The failure to exhaust peremptory challenges "is a weighty factor in determining whether prejudice existed." Leonard v. United States, 324 F.2d 914, 915 (9 Cir. 1963). This failure, the jurors' assurances of their impartiality and the trial court's observation that very little was said about Ollary during the prior related case provided ample grounds for denying the motion for a continuance.

■ With regard to the motion for judgment of acquittal on the grounds that the evidence was insufficient to show that the vehicle in question was a part of interstate commerce at the time it was allegedly received and concealed by him or that Ollary had knowledge that the vehicle had been stolen, the evidence, when viewed in the light most favorable to the government, was sufficient to establish that the automobile was a part of interstate commerce at the relevant time and that Ollary knew that the vehicle was stolen property. United States v. Feldman, 425 F.2d 688 (3 Cir. 1970). The vehicle was stolen in St. Louis, Missouri, on February 3, 1970, and sometime in February or March, 1970, Ollary drove to Waynesville, North Carolina, with one Steve Colagerakis, picked up the keys to the stolen vehicle and handed them to Colagerakis with instructions to drive the car to Asheville, North Carolina. The vehicle had clearly traveled in interstate commerce; whether it remained a part of interstate commerce at the time it was allegedly received, concealed, and stored was a question of fact for the jury's determination. United States v. Johnson, 409 F.2d 861, 864 (7 Cir. 1969); Babb v. United States, 351 F.2d 863, 865 (8 Cir. 1965). Aside from constructive possession of recently stolen property, there was independent evidence from which the jury could infer that Ollary knew the vehicle was stolen.

The trial court's instructions to the jury with regard to accomplice testimony were entirely adequate. The jury was thoroughly cautioned to scrutinize the testimony of an accomplice carefully because of an accomplice's possible interest in the outcome of the case.

Ollary's motion to set the verdict aside and to grant a new trial was based upon the contentions we have considered above. It follows that it was properly denied.

Judgment affirmed.