Morris **JOHNSON**, Jr., Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 73-1197.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1973.

Decided July 24, 1973.

Certiorari Denied Nov. 19, 1973.
See 94 S.Ct. 539.

**310**

Walter J. Matejka, Omaha, Neb., for appellant.

William K. Schaphorst, U. S. Atty., Omaha, Neb., for appellee.

Before Mr. Justice CLARK,* and HEANEY and BRIGHT, Circuit Judges.

PER CURIAM:

Appellant Morris Johnson was convicted of knowingly and intentionally distributing heroin. On appeal he challenges (1) the denial of his motion to discharge the jury panel or grant a continuance, (2) certain comments by the prosecutor referring to Johnson as a "pusher" and (3) an instruction stating that no inference of guilt could be drawn from Johnson's "failure" to testify. We find no merit in any of Johnson's claims and affirm the conviction.

(1) The District Court conducted the basic voir dire questioning of the jury panel, but it gave counsel the opportunity to conduct further inquiry. During voir dire several prospective jurors said that they had heard certain government witnesses, Hutton, Ryan and Frazier, testify in previous trials. These same witnesses were expected to and subsequently did in fact testify against Johnson. At the conclusion of voir dire Johnson's counsel expressly declined to challenge any juror for cause. Johnson's first objection to the jury panel was made immediately prior to the exercise by him and the prosecutor of their respective peremptory challenges. Johnson based his motion, in part, on the *per se* argument that no fair and impartial jury could be selected from the panel since a majority of these jurors had heard Hutton, Ryan and Frazier testify at one or more previous trials. The District Court denied the motion.

Johnson failed to establish that any juror was actually prejudiced in favor of the three government witnesses. He does not point to the voir dire of any particular juror as indicating actual prejudice, nor does he complain that the voir dire was in any way inadequate. Indeed, he did not even attempt to have any juror dismissed for cause. His claim that he was denied an impartial jury must therefore rest wholly on a *per se* theory of implied bias. We do not think that the danger of prejudice against the accused arising from jurors having served in prior cases involving the same government witnesses but different, unrelated defendants and entirely different and independent transactions is great enough to justify a *per se* rule of bias. The "mere existence of any preconceived notion" relevant to the accused's guilt or innocence is not sufficient to negate impartiality. Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). See Fabian v. United States, 358 F.2d 187, 191 (1966). Johnson does not cite any federal case reversing a conviction on the *per se* rule that he advances and we have discovered none. On the contrary, the cases uniformly reject the argument. United State v. Haynes, 398 F.2d 980 (2d Cir. 1968); Cwach v. United States, 212 F.2d 520 (8th Cir. 1954); Haussener v. United States, 4 F.2d 884 (8th Cir. 1925). See Casias v. United States, 315 F.2d 614 (10th Cir. 1963). While we do not endorse the procedure followed here, we do not regard it as reversible error in the absence of some showing of actual prejudice.

(2) During rebuttal argument the prosecutor made the following statement to the jury:

"Early in the case the defense counsel suggested how easy it was to get narcotics in this town; like talcum

---

* Associates Justice Tom C. Clark, United States Supreme Court, Retired, is sitting by designation.

powder in a medicine cabinet, is the example he used. Well, it's easy to get it in this town because pushers like the defendant will sell to anybody, and they will sell to three people that walk up to them on the street. That it why it is easy to get."

Johnson moved for a mistrial on the basis that this statement was not supported by the evidence. We think the court properly denied the motion. A "pusher" is someone who sells illicit drugs. There was ample evidence that Johnson had in fact sold heroin illegally, and the comment was to some extent invited by the earlier comments of Johnson's counsel to which the prosecutor referred. The statement was neither so inflammatory nor so misleading as to require a mistrial. See United States v. Lewis, 423 F.2d 457 (8th Cir. 1970), cert. denied 400 U.S. 905, 91 S.Ct. 146, 27 L.Ed.2d 142.

■ (3) Finally, Johnson complains of Instruction No. 18:

"The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the *failure* of a defendant to testify." (Emphasis supplied.)

His complaint is that the word "failure" carries negative connotations and implies a dereliction of duty on his part. Johnson had previously requested the court to instruct: "The jury is cautioned not to hold anything against the defendant's willful exercise of his right not to testify." The judge advised that he would give this instruction in substance. He also informed Johnson's counsel that he would pause after reading the instructions to the jury to allow counsel an opportunity to make any objections he wished to the instructions as given. Counsel, however, made no objection until after the jury had been excused and had commenced its deliberations. We have difficulty in perceiving any significant difference between the instruction requested and the one actually given, and we very seriously doubt that the

court's choice had any effect on the jury's attitude toward Johnson's refusal to testify. In any event, Johnson waived his objection by not asserting it at the proper time.

The judgment is affirmed.