**UNITED STATES of America, Appellee,**

v.

**Evan WILLIAMS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Dennis SWANSON, Appellant.**

Nos. 73–1150, 73–1151.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1973.

Decided July 24, 1973.

Certiorari Denied Dec. 3, 1973. See 94 S.Ct. 581.

J. William Gallup, and Edward F. Fogarty, Omaha, Neb., for appellants.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before Mr. Justice CLARK,* HEANEY and BRIGHT, Circuit Judges.

PER CURIAM:

Appellants Swanson and Williams were convicted of aiding and abetting in the distribution of heroin. On appeal both appellants argue that they were denied an impartial jury in that it was the seventh consecutive jury that had been selected from the same jury panel to decide drug cases involving the same government witnesses. In addition, Swanson contends the District Court erred in refusing to submit any cautionary instructions regarding "the various considerations a jury ought to give before crediting an extra judicial statement." Williams also complains that the court erred in permitting the prosecutor to elicit testimony that Williams had been read Miranda warnings. We reject each of these claims and affirm the convictions.

Appellants' trial began on January 17, 1973. Prior to selection of the jury on that day, appellants and their counsel met in the trial judge's chambers to discuss certain aspects of the trial. It was first agreed that the defendants would have only ten peremptory challenges together rather than ten such challenges each. At this point Williams' counsel moved for a continuance to a subsequent jury term because some sixteen of the thirty-two jurors, including alternates, on the panel had previously served on one or more of the juries that had heard and decided six consecutive drug cases that term, at which substantially the same government witnesses who were to testify against Swanson

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, is sitting by designation.

and Williams had given testimony. Four of the trials resulted in verdicts of guilty, one ended in a verdict of not guilty and one resulted in dismissal. The District Court overruled the motion as premature; no showing of prejudice had been made at that time. The Court subsequently conducted a voir dire and asked the following questions on the subject of the prospective jurors' prior exposure to the same government witnesses:

"The mere fact that you served on those juries, heard that evidence, is there anything about that that would make it difficult for you to keep a fair, open and impartial mind?

"You listen to the evidence in this case. Every case is different.

"Would anyone have any difficulty, even though some of the witnesses might be the same witnesses put on by the Government that you heard in other cases? Would it make it difficult for you?"

No juror indicated that he had formed an opinion or that he could not be impartial. Neither Swanson nor Williams challenged any member of the panel for cause; nor did either interrogate the panel or any member of it as to any prejudice arising from their sitting in other drug cases or hearing the same witnesses; nor did either appellant move for a continuance or renew the motion Williams had made earlier in chambers. There is no indication that any juror was actually biased. Indeed, Swanson and Williams not only failed to inquire of the panel as to prejudice resulting from the other trials but they forewent any challenges for cause and gave up ten peremptory challenges between them. This action hardly indicates that there is any substance to the prejudice claim. At the most the challenge must rest entirely on a *per se* theory of implied bias. This Court rejected a like argument in Johnson v. United States, 484 F.2d 309 (8th Cir. 1973), and prior federal cases are uniformly to the same effect. United States v. Haynes, 398 F.2d 980 (2d Cir. 1968); Cwach v. United States, 212 F.2d 520 (8th Cir. 1954); Haussener v. United States, 4 F.2d 884 (8th Cir. 1925).

*See* Casias v. United States, 315 F.2d 614 (10th Cir. 1963). As this Court stated in *Johnson, supra,* we do not endorse the procedure followed here as being preferred or the most desirable. Still we cannot say that its use is reversible error in the absence of some showing of actual prejudice.

■ Swanson urges this Court to reverse because the District Court did not instruct the jury to give his confession only such weight as appropriate under all the circumstances. He does not contend, nor could he, that once the court determined for itself that the confession was voluntary pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), it was also constitutionally required to submit the voluntariness issue to the jury. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed. 2d 618 (1971). Swanson argues, however, that a voluntariness instruction is required by 18 U.S.C. § 3501(a): ". . . the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." This provision does not specify any particular wording for an instruction on the weight to be accorded a confession; here the District Court instructed the jury on its responsibility to judge the credibility of the witnesses and weigh their testimony. We are not prepared to say that this instruction was inadequate for purposes of 18 U.S.C. § 3501(a). *See* United States v. Panepinto, 430 F.2d 613, 618, n. 15 (3rd Cir. 1970). In any event, Swanson waived any error in this regard by failing to object to the instructions as given.

■ Finally, Williams complains that it was error for the prosecutor to introduce testimony that both he and Swanson were advised of their right to remain silent. Since he did not make any inculpatory statements, Williams argues the reference to *Miranda* warnings could only have emphasized to the jury that he had said nothing to the arresting officials and must therefore have had

something to hide. Officer Newman testified that he advised both appellants of their rights soon after their arrest. The warnings to Swanson were relevant since his statement to the officers was introduced against him. The reference to Williams, who was with Swanson when the warnings were given, does not rise to the level of reversible error. The fact that Williams had been warned of his right to remain silent at most might have drawn attention to the fact that Williams made no statement that the Government decided to use against him. The jury might have thought that he made some statement useless to the prosecutor, either innocuous or exculpatory, or that he made no statement at all. Either inference was reasonable.

The judgments are affirmed.