Bobby HOLLAND *v*. STATE of Arkansas

CR 76-95                                               542 S.W. 2d 761

Opinion delivered November 8, 1976
(In Banc)

*Wilson & Wilson,* by: *Ralph Wilson Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of the sale of marijuana in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1975). This was the third trial of a marijuana sale by the same jury panel within three days. Each case involved different defendants. However, the same prosecuting witness, Richard Lott, an undercover officer, was the principal state witness in each case. Immediately before appellant's trial, he moved for a continuance on the grounds that some of the jurors, because of the guilty verdicts in the two previous trials, had prejudged the credibility of the prosecuting witness. The motion was denied. Appellant then challenged for cause those persons who had served on the two preceding cases. These challenges were denied by the court whereupon appellant exhausted his peremptory challenges. Appellant contends on appeal that the trial court erred in its refusal to grant him a continuance and in not granting his challenges for cause.

The thrust of appellant's argument is that since several jurors in his case had previously sat on juries which convicted defendants based on the testimony of Lott, the state's main witness in all three cases, he was denied his constitutional rights of an impartial jury and due process of law because appellant's jury had prejudged Lott's credibility. Defendants in the two previous cases were assessed $2,000 fines and five year prison sentences. Here, the jury assessed appellant's punishment at seven years' imprisonment and a $1,000 fine.

Appellant first invokes Ark. Stat. Ann. § 43-1920 (Repl. 1964), which provides that a challenge for implied bias is proper when it is shown that a prospective juror has "served on a trial jury, which has tried another person for the offense charged in the indictment." We have held adversely to appellant's argument that this statute is applicable in the case at bar. *Hall* v. *State,* 125 Ark. 263, 188 S.W. 801 (1916);

and *Sorrentino* v. *State,* 214 Ark. 115, 214 S.W. 2d 517 (1948).
See also 47 Am. Jur. 2d Jury § 309. In *Hall* we held:

> The mere fact that the jurors had served in another case
> in which the defendant and others had been indicted
> would not disqualify them as jurors in the present case;
> and in order to sustain the exception, it devolved upon
> the defendant to show affirmatively that the jurors had
> served in another case which disqualified them from ser-
> ving in the present case. **** The presumption is, until
> the contrary appears, that they were not disqualified by
> prejudice or otherwise.

In *Sorrentino* we said:

> The juror was not incompetent merely because he had
> served at the trial of some other defendant charged with
> an offense of the same character as that charged against
> appellant.

However, appellant vigorously argues the better view is
that a defendant is denied an impartial jury whenever a jury,
which convicts him, is selected from the same jury panel
which has decided cases involving the same government
witness or witnesses in a similar, although separate, transac-
tion. As persuasive authority, appellant relies upon *Priestly* v.
*State,* 19 Ariz. 371, 171 P. 137 (1918); *State* v. *Hammon,* 84
Kan. 137, 113 P. 418 (1911); *Temple* v. *State,* 15 Okl. Cr. 176,
175 P. 733 (1918); *Scrivener* v. *State,* 63 Okl. Cr. 418, 75 P. 2d
1154 (1938). See also 3 A.L.R. 1201 and 160 A.L.R. 732 and
the dissenting view at p. 619 in *Casias* v. *United States,* 315 F.
2d 614 (10th Cir. 1963), cert. denied 374 U.S. 845.

However, our U.S. 8th Circuit Court of Appeals has ad-
dressed itself to this subject. In *U.S.* v. *Williams,* 484 F. 2d 176
(1973), it was held that the two defendants there were not
denied an impartial jury merely because it was the seventh
consecutive jury that had been selected from the same jury
panel involving the same government witnesses. There, as
here, the court conducted an extensive voir dire of the jury
and no juror indicated that he could not serve as an unbiased
and impartial juror. Further, here appellant's counsel ad-
dressed the jury on the subject of impartiality after ex-

hausting his challenges and no juror indicated actual or implied bias. In *Williams* the court said:

> At the most the challenge must rest entirely on a *per se* theory of implied bias. This Court rejected a like argument in *Johnson* v. *United States,* 484 F. 2d 309 (8th Cir. 1973), and prior federal cases are uniformly to the same effect. **** As this Court stated in *Johnson, supra,* we do not endorse the procedure followed here as being preferred or the most desirable. Still we cannot say that its use is reversible error in the absence of some showing of actual prejudice.

Here, as indicated, according to the record, neither the voir dire by the court nor the defense counsel's query to the jury established any bias or prejudice on the part of any member of the jury. Furthermore, it is well established that our constitutional guarantee of an impartial jury is a judicial question which is addressed to the sound discretion of the trial court. *Lane* v. *State,* 168 Ark. 528, 270 S.W. 974 (1925); and *Montaque* v. *State,* 219 Ark. 385, 242 S.W. 2d 697 (1951). Also the refusal of a motion for a continuance is within the sound discretion of the trial court. *Perez* v. *State,* 236 Ark. 921, 370 S.W. 2d 613 (1963). In the case at bar appellant has not demonstrated a manifest abuse of the discretionary authority which is accorded the trial court. However, as aptly said in *Williams, supra,* "[A]s this Court stated in *Johnson, supra,* we do not endorse the procedure followed here as being preferred or the most desirable." Consequently, we do not foreclose the possibility that an abuse of discretion could be shown in other cases.

Neither can we agree with appellant that the credibility of the government witness is a question of fact within the meaning of Ark. Stat. Ann. § 39-105 (Supp. 1975), which disqualifies a petit juror who has served in a previous case "involving any of the same questions of fact." Here it was for the jury at each trial to determine Lott's credibility in the separate transactions which involved different defendants. Therefore, his credibility was not the "same" question of fact in each case.

Affirmed.

BYRD, J., dissents.