State v. Brown

---

STATE OF NORTH CAROLINA v. TIMOTHY BERNARD BROWN

No. 8029SC1020

(Filed 7 July 1981)

Constitutional Law § 56; Criminal Law § 91.2— jurors in courtroom during guilty pleas in other cases—denial of continuance—right to impartial jury

In this prosecution for sale of cocaine and marijuana and possession of cocaine and marijuana with intent to sell and deliver, the denial of defendant's motion for continuance made on the ground that the jury venire from which the jurors in defendant's case were selected was present when the State's chief witness against defendant testified for the State to establish the factual basis for guilty pleas entered two days prior to defendant's trial by three other defendants charged with various drug offenses was not *per se* prejudicial to defendant's right to a fair trial by an impartial jury. Furthermore, the trial court did not abuse its discretion in the denial of defendant's motion for continuance where the record contains no indication that defendant utilized all the peremptory challenges afforded him or that any challenges of prospective jurors for cause were denied, and the record does not reveal facts tending in any way to establish actual bias or prejudice on the part of any member of the jury.

APPEAL by defendant from *Albright, Judge.* Judgments entered 30 May 1980 in Superior Court, POLK County. Heard in the Court of Appeals 11 March 1981.

Defendant appeals from judgments entered upon his convictions of sale of cocaine, sale of marijuana, possession of cocaine with intent to sell and deliver and possession of marijuana with intent to sell and deliver.

*Attorney General Edmisten, by Associate Attorney General John F. Maddrey, for the State.*

*Lee Atkins for defendant appellant.*

WHICHARD, Judge.

Defendant's sole contention is that his constitutional right to a fair trial by an impartial jury[1] was denied by the trial court's failure to grant his motion for a continuance. The ground of his contention is that the principal witness for the State, an undercover agent for the Polk County Sheriff's Department, also testified for the State to establish the factual basis for guilty pleas entered two days prior to defendant's trial by three other defendants charged with various drug offenses; that the jury venire from which the jurors in defendant's case were selected was present when this witness against defendant testified in those cases; and that "[t]he effect on the jury venire was to irrebutably establish the credibility of the State's chief witness against the defendant."

In *State v. Brown,* 39 N.C. App. 548, 251 S.E. 2d 706, *disc. review denied* 297 N.C. 302, 254 S.E. 2d 923 (1979), the defendant contended "that the trial court committed prejudicial error in permitting the case to be tried by a jury panel which had the opportunity to hear guilty pleas and the presentation of evidence and sentencing thereon in other cases." *Brown,* 39 N.C. App. at 550, 251 S.E. 2d at 709. He argued that this procedure violated his right to be tried by an impartial jury because (1) "prospective jurors became biased against all defendants when hearing the proceedings which precede the sentencing of those who plead guilty," and (2) "law enforcement officials are more likely to be given greater credence by the jury and . . . the jury may stray from their function as fact finders and only consider the prosecution's side of the case." *Brown,* 39 N.C. App. at 551, 251 S.E. 2d at 709. The Court rejected the contention, stating:

> The *voir dire* examination of jurors allowed by [G.S. 9-15(a)] serves the dual purpose of ascertaining whether grounds exist for challenge for cause to enable counsel to exercise intelligently the peremptory challenges allowed by law. [Cita-

---

1. U.S. Const. amend. VI and XIV; N.C. Const. art. I, § 19.

tion omitted.] The record before us does not indicate that any of the jurors who served could not fairly and intelligently have reached a verdict; nor does it indicate the use of any peremptory challenges by the defendant. Hence, defendant has failed to show that any member of the jury was unable to give him a completely fair trial.

*Brown*, 39 N.C. App. at 551, 251 S.E. 2d at 709.

Other courts have reached the same result upon similar contentions. In *Holland v. State*, 260 Ark. 617, 542 S.W. 2d 761 (1976), defendant's trial had been the third marijuana sale case heard by the same jury panel within three days. The same undercover officer was the principal witness for the State in each case. Defendant's motion for a continuance on the ground that some of the jurors, because of the guilty verdicts in the two previous trials, had prejudged the credibility of the prosecuting witness, was denied. The Supreme Court of Arkansas, sitting *en banc*, upheld defendant's conviction, relying on *United States v. Williams*, 484 F. 2d 176 (8th Cir. 1973), which "held that the two defendants there were not denied an impartial jury merely because it was the seventh consecutive jury that had been selected from the same jury panel involving the same government witnesses." *Holland*, 260 Ark. at 619, 542 S.W. 2d at 763. The court quoted from *Williams* as follows:

At the most the challenge must rest entirely on a *per se* theory of implied bias. This Court rejected a like argument in *Johnson v. United States*, 484 F. 2d 309 (8th Cir. 1973), and prior federal cases are to the same effect. * * * As this Court stated in *Johnson, supra*, we do not endorse the procedure followed here as being preferred or the most desirable. Still we cannot say that its use is reversible error in the absence of some showing of actual prejudice.

*Holland*, 260 Ark. at 620, 542 S.W. 2d at 763. The court noted that nothing in the record established any bias or prejudice on the part of any member of the jury and concluded that defendant there "ha[d] not demonstrated a manifest abuse of the discretionary authority which is accorded the trial court." *Holland*, 260 Ark. at 620, 542 S.W. 2d at 763.

In *United States v. Jones*, 486 F. 2d 476 (8th Cir. 1973), *cert. denied*, 415 U.S. 917 (1976), defendant was convicted of heroin

State v. Brown

distribution. He contended he was denied a fair trial in that nine of the twelve members of the jury had served as jurors in other narcotics cases involving the same government witnesses, and another of the twelve had served as an alternate. The court affirmed defendant's conviction, noting that it had rejected the *per se* theory of implied bias[2] and that it found no actual bias.

In *White v. Commonwealth*, 499 S.W. 2d 285 (Ky. 1973), defendant was convicted of the unlawful sale of narcotics. The jury had heard similar testimony to that against defendant in two previous narcotics trials from the same witnesses who testified against defendant. Defendant had exhausted his "strikes" (apparently the equivalent of peremptory challenges in our practice) and then had moved for the removal of any remaining jurors who had participated in those trials. The court affirmed the denial of that motion, stating: "In the absence of a showing that a juror who served was prejudiced and because of that bias he could not render a fair and impartial verdict, we will not hold that the trial court erred in overruling the motion." *White*, 499 S.W. 2d at 286.

In *People v. Wyskochil*, 76 Mich. App. 468, 257 N.W. 2d 126 (1977), defendant moved to quash the jury array and to excuse certain jurors for cause on the ground that they had sat on previous trials involving similar drug charges in which the same two witnesses had testified for the government as would testify in defendant's trial. The trial court's denial of the motion was upheld. The Michigan court declined to adopt a *per se* exclusionary rule, stating: "To adopt a rule that would per se exclude a police officer or other witness from testifying before the same panel a second time would unduly constrain the judicial process." *Wyskochil*, 76 Mich. App. at 471, 257 N.W. 2d at 128.

In *State v. Charlot*, 157 W.Va. 994, 206 S.E. 2d 908 (1974), defendant moved for a continuance

> on the grounds that of the thirty-four jurors present from which the jury would be selected, only ten had not sat on prior drug cases during that term of court where the state's principal witnesses were the same as those witnesses who

2. Citing *United States v. Williams*, 484 F. 2d 176 (8th Cir. 1973) and *Johnson v. United States*, 484 F. 2d 309 (8th Cir. 1973).

were going to testify against the defendant and the juries in the prior drug cases had returned guilty verdicts.

*Charlot,* 157 W.Va. at 996, 206 S.E. 2d at 910. Defendant contended "the court erred in refusing to grant the continuance because many of the jurors had already expressed their opinion as to the credibility of the state's principal witnesses as evidenced by the return of guilty verdicts in the [previous] drug trials." *Charlot,* 157 W.Va. at 997, 206 S.E. 2d at 910. The court rejected defendant's contention, stating:

> It has been held by both state and federal courts that jurors who had served in the trial of other cases involving similar, but independent criminal offenses, and in which identical witnesses were used by the prosecution to establish the criminal acts, such jurors are not disqualified where there was no showing of prejudice or bias shown to the defendant on the part of the jurors.

*Charlot,* 157 W.Va. at 1000, 206 S.E. 2d at 912.

In *United States v. Ollary,* 466 F. 2d 545 (4th Cir. 1972), defendant contended he was prejudiced by the denial of his motion for continuance because several members of the jury had either participated in or audited a related case. The court cited the failure of defendant to exercise all his peremptory challenges as one of several reasons which "provided ample grounds for denying the motion for a continuance." *Ollary,* 466 F. 2d at 546.[3]

In light of the foregoing authorities, we do not find the denial of the motion for continuance by defendant here *per se* prejudicial to his right to a fair trial by an impartial jury. Absent *per se* prejudice, the motion for continuance "is the subject of the trial judge's discretion, and is not subject to review absent an abuse of

---

3. *See also State v. Epperson,* 289 So. 2d 495 (La. 1974) (prospective jurors present while a co-defendant pled guilty held not prejudicial).

*See, contra, Alvarez v. New Mexico,* 92 N.M. 44, 582 P. 2d 816 (1978), and authorities cited. *Alvarez* is distinguishable from the case here, however, in that it held that *when challenged for cause* jurors may not serve at a subsequent trial with the same material witness unless the prosecution can satisfy the court that the testimony of the material witness will be corroborated by testimony of other witnesses. Nothing in the record here establishes that any jurors were challenged for cause.

discretion." *State v. Haltom,* 19 N.C. App. 646, 649, 199 S.E. 2d 708, 710 (1973). In considering whether the trial judge abused his discretion we note that the record contains no indication that defendant utilized all the peremptory challenges afforded him or that any challenges of prospective jurors for cause were denied. *See* G.S. 15A-1212, 15A-1217. Nor does the record reveal facts tending in any way to establish actual bias or prejudice on the part of any member of the jury. We thus find no basis for holding that the trial court abused its discretion.

The Arkansas Supreme Court concluded its opinion in *Holland* as follows: "In the case at bar appellant has not demonstrated a manifest abuse of the discretionary authority which is accorded the trial court. However, . . . 'we do not endorse the procedure followed here as being preferred or the most desirable.'" *Holland,* 260 Ark. at 620, 542 S.W. 2d at 763. We likewise do not endorse the procedure followed here as being preferred or the most desirable. The better practice would be to avoid the possibility of having prospective jurors privy to plea or trial proceedings in prior cases involving the same witness or witnesses for the State. However, the denial of defendant's motion for continuance was not *per se* prejudicial to his right to a fair trial by an impartial jury, and no abuse of discretion has been shown on the record now before us.

No error.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.