**UNITED STATES of America, Appellee,**

v.

**Rufus GRAHAM, Appellant.**

**No. 83–2617.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 21, 1984.

Decided July 18, 1984.

James M. Rosenbaum, U.S. Atty., Richard E. Vosepka, Jr., Asst. U.S. Atty., D. Minn., Minneapolis, Minn., Vickie R. Sheets, Legal Intern, for appellee.

Scott F. Tilsen, Asst. Federal Public Defender, D. Minn., Minneapolis, Minn., for appellant.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Rufus Graham appeals from a final judgment entered in the District Court [1] for the District of Minnesota upon a jury verdict finding Graham guilty of two counts of

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

willfully filing false income tax returns in violation of 26 U.S.C. § 7206(1). Graham was sentenced to eighteen months imprisonment on each count, the sentences to run concurrently. For reversal Graham alleges that the district court erred in (1) failing to strike for cause those prospective jurors who had previously served in a trial where Graham's attorney was the defendant's attorney and (2) instructing the jury that the element of knowledge could be inferred from proof of a defendant's conscious resolve to avoid knowledge. For the reasons discussed below, we affirm the judgment of the district court.

During the course of jury selection, defense counsel moved to strike for cause three prospective jurors and an alternate. Counsel noted that these four had served on a jury just two weeks earlier in a criminal case where he served as appointed counsel for the defendant. Counsel contended that because the government's case against his client in the prior action was "close to overwhelming," the jurors hearing that case would tend to view him as less than honest and sincere in the pending action. The district court denied the motion. Graham alleges on appeal that the district court's failure to strike those jurors as biased per se denied his sixth amendment right to a fair trial by an impartial jury.

■ In the absence of some showing of actual prejudice on the part of the challenged jurors, we have repeatedly rejected the argument that a juror's service in prior cases involving the same attorneys or witnesses supports a per se theory of implied bias. *See, e.g., Johnson v. United States,* 484 F.2d 309, 310 (8th Cir.) (per curiam), *cert. denied,* 414 U.S. 1039, 94 S.Ct. 539, 38 L.Ed.2d 329 (1973); *United States v. Williams,* 484 F.2d 176, 177–78 (8th Cir.) (per curiam), *cert. denied,* 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973). In the present case, the district court conducted a voir dire to ensure that the four prospective jurors who had participated in the prior trial with Graham's defense counsel were impartial and able to consider Graham's case on its own merits. Therefore, the district court did not err in refusing to strike these prospective jurors for cause.

■ Graham further contends on appeal that the district court erred in giving the following instruction:

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.

It is entirely up to you as to whether you find any deliberate closing of the eyes, and the inferences to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 14.09 (3d ed. 1977). Graham had been operating three separate businesses. He turned over his records to an accountant to keep his books and prepare his income tax returns. Despite Graham's testimony to the contrary, he apparently had informed his accountant about only one of the three businesses. Thus, when the accountant prepared Graham's income tax returns for the tax years in question, he failed to include the income from the other two businesses. Graham's defense at trial was that he believed the accountant knew about all three businesses and had prepared his income tax forms accordingly. Graham testified that he signed the tax forms without reading them and was unaware of the underreporting of income. Thus, Graham concedes that at worst he was guilty only of mistake or negligence, but certainly not willfulness.

In the circumstances, the district court did not err in giving the "guilty knowledge" instruction. The Ninth Circuit carefully examined the reasons for such an instruction in *United States v. Jewell*, 532 F.2d 697, 700 (9th Cir.) (banc), *cert. denied*, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976):

> The substantive justification for the rule is that deliberate ignorance and positive knowledge are equally culpable. The textual justification is that in common understanding one "knows" facts of which he is less than absolutely certain. To act "knowingly," therefore, is not necessarily to act only with positive knowledge, but also to act with an awareness of the high probability of the existence of the fact in question. When such awareness is present, "positive" knowledge is not required.

*See United States v. Kershman*, 555 F.2d 198, 200 (8th Cir.), *cert. denied*, 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977). Moreover, the instructions viewed as a whole required the jury to find that Graham acted "voluntarily and intentionally, and not because of mistake or accident or other innocent reason." Moreover, instruction No. 40 [2] clearly instructed the jury that Graham could not be convicted simply because his accountant was negligent, but only upon a determination that Graham *knew* the information he submitted to his accountant was false or incomplete.

Accordingly, the judgment of the district court is affirmed.

2. Instruction No. 40 provided:

> The duty to file income tax returns is personal to every taxpayer. Mistakes made in good faith are not fraudulent. No person, however, who is able to read and write, and who signs and files a tax return, may escape the responsibility of acting in good faith, and of acting without evil intent, as to the correctness of the information in the return which he signs and files, whether the return is prepared by him, or prepared by another for him. If the evidence shows beyond a reasonable doubt that the defendant intended to conceal [or falsify] known tax information as to his taxable information in his returns for the years 1976 and 1977, he was not acting in good faith.
>
> No person may escape responsibility for the knowledge of facts actually known by him, merely by disclaiming knowledge of such known facts. A taxpayer charged by law with a personal duty of filing a tax return, cannot sign and file or authorize the filing of a return which he, in fact, knows is false, and then escape responsibility for the falsity of the return with such guilty knowledge, simply because the return was prepared by someone else.
>
> If the defendant submitted information to his accountant, intending it to be used in the preparation of his tax returns, and at the time he submitted such tax information he knew the information was false, or incomplete, or otherwise inadequate, and that the information he supplied would render the resulting tax returns false, he may not disclaim knowledge and responsibility for the tax returns merely because the return was not personally prepared by him.
>
> I do not mean to say that the defendant is chargeable with the errors or mistakes or negligence of his accountant. If the defendant supplied or furnished his accountant with all necessary information or access thereto, which information was complete and correct, to the best of the defendant's knowledge and belief, and the defendant in reliance on the skill, knowledge and competence of his accountant, signed and filed the return prepared by the accountant, then if the return proved to be inaccurate or false, the defendant is not guilty of a fraudulent intent, unless he knew and realized that the prepared return was false and inaccurate and with such guilty knowledge, he signed and filed it with the intention of deceiving the Internal Revenue Service.
>
> The defendant was not entitled to rely on the income tax returns prepared by his accountant if, in fact, he knew the returns were false, or inaccurate, or if he knowingly and intentionally withheld or permitted to be withheld the information from which a true and correct return could have been prepared.

See *United States v. Rossi*, 66–2 U.S.Tax Cas. (CCH) ¶ 9649 (W.D.N.Y. Oct. 4, 1965).