289 So.2d 495 (1974)
STATE of Louisiana
v.
Tommy G. EPPERSON.
No. 53928.
Supreme Court of Louisiana.
January 14, 1974.
On Application for Rehearing February 15, 1974.
Wayne C. Giordano, Belle Chasse, for defendant-appellant.
*496 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leander H. Perez, Jr., Dist. Atty., Gilbert V. Andry, III, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant, Tommy G. Epperson, was tried under a bill of information charging him with aggravated escape. R.S. 14:109. The defendant was convicted of the offense before a twelve man jury and sentenced to serve ten years at hard labor in the Louisiana State Penitentiary. The defendant appeals his conviction and sentence, relying upon twelve perfected bills of exceptions.
Bill of Exceptions No. 1 was taken to the denial of a motion for continuance. The motion was made by the defendant before the examination of the prospective jurors. Defendant's complaint was that before the beginning of his trial, while the prospective jurors were present in the courtroom, a co-defendant was allowed to plead guilty. That co-defendant was later called as a defense witness.
The trial judge properly denied the motion for continuance. Defense counsel argues that his client was unduly prejudiced when one co-defendant was allowed to plead guilty to aggravated escape (the same incident from which the defendant Epperson's charge arose) and that such procedure unfairly influenced the jury.
Defense counsel does not explain, and we do not understand that this procedure unduly prejudiced the defendant. There is no rational basis for believing that because one co-defendant pleaded guilty, the jurors would believe other co-defendants were also guilty.
This bill is without merit.
Bills of Exceptions Nos. 2, 3, 4, 5, 6, 7 and 8 were taken on voir dire examination after adverse rulings on defendant's challenges for cause. Defense counsel questioned prospective jurors about their beliefs that the district attorney would not prosecute without good cause. Such belief does not disqualify a juror. In each case the trial judge explained that the State must prove the defendant's guilt beyond a reasonable doubt. The prospective jurors responded affirmatively when asked if they could abide by this law and render a just verdict. The voir dire in each case showed the jurors to be qualified and impartial.
Bills of Exceptions Nos. 2 through 8 are without merit.
Bill of Exceptions No. 9 After the State had rested its case defendant's counsel moved for a directed verdict on the grounds that the State had failed to produce any evidence to show that the defendant was legally arrested or incarcerated at the time of committing the alleged offense of aggravated escape. Officer Dominick Verdi of the Plaquemines Parish sheriff's department stated that the arrest was based on a warrant issued by the justice of the peace. This testimony stands uncontroverted in the record. In addition, the trial judge in his per curiam states that after trial the court heard a motion to suppress previously filed and found testimony of the justice of the peace to the same effect.
The defendant also urges that his detention was illegal since he was allegedly held far in excess of one hundred forty-four hours without being brought before a magistrate as required by article 230.1 C. Cr.P. (added by Acts 1972, No. 700 § 1). We need not consider the question of whether the defendant's argument is meritorious under the above statute, as that provision had not been adopted at the time of defendant's escape from custody on December 26, 1970.
There is no merit in Bill of Exceptions No. 9.
Bill of Exceptions No. 10 was taken because the trial court denied defendant's motion for a mistrial. Defense counsel *497 urges that the testimony that the defendant was in possession of the .38 caliber snubnose revolver at the time of the arrest was prejudicial and went beyond the bill of information. The pistol was the one used in the escape from the Plaquemines Parish prison. When a weapon is used in the commission of a crime, that weapon and the method of securing the weapon to be used in evidence are material. State v. Mixon, 258 La. 835, 248 So.2d 307 (1971).
Wharton's Criminal Evidence, under the heading Conduct of the Defendant Upon and After Arrest, provides:

"It is relevant to show the facts and circumstances attending the arrest of the accused when they logically tend, in any degree, to connect him with the perpetration of the crime. Thus, it is relevant to show the conduct and declarations of the accused at the time of his arrest, after arrest and while in detention awaiting trial. It is open to the accused to offer evidence explaining his conduct upon and after arrest." 1 Wharton's Criminal Evidence 210 (Torcia Ed. 1972). (Emphasis added).
In the present case the defendant was arrested a short time after his escape with the weapon owned by the jailer for the Plaquemines Parish sheriff's office in his possession. We find that the testimony was proper and relevant; therefore, the bill of exceptions is without merit.
Bill of Exceptions No. 11. Defense counsel alleges that after the defense and the State had finished examining a defense witness, Bradley, who was also charged in the incident, the trial court advised the witness of his right to remain silent for the purpose, according to defense counsel, of putting the district attorney on notice that he had failed to ask the witness about the capital offense for which he received life imprisonment. Bradley's attorney was hospitalized at the time of the trial, and had requested the judge to inform Bradley of his right to remain silent. There was no prejudice to the defendant from the advice to the witness by the court. There is no merit in this bill.
Bill of Exceptions No. 12 was taken when the trial judge ruled that a special charge submitted by the State would be incorporated in the trial court's general charge to the jury. The trial judge instructed the jury that intoxication was not a defense to the crime of aggravated escape.
The defendant sought to establish that he was intoxicated when the crime took place, a defense to crimes requiring specific intent. R.S. 14:15(2). Our review of the transcript reveals that the trial court correctly instructed the jury as to the applicable law. In defining escape the code uses the word "intentional" without a qualifying provision, thus compelling the conclusion that only a general criminal intent is required. R.S. 14:11. This is in no manner changed by the definition of aggravated escape, which is merely an escape where human life is endangered. R.S. 14:15(2), which excepts intoxication from the general rule and labels it as a defense, is not applicable to the offense of aggravated escape.
Bill of Exceptions No. 12 is without merit.
Defense counsel argues Bill of Exceptions No. 13 in his brief. There is no Bill of Exceptions No. 13 reserved or perfected in the record. Thus, our review is limited to errors discoverable by a mere inspection of the record. C.Cr.P. 920; State v. Robertson, 274 So.2d 707 (La. 1973); State v. Ambeau, 263 La. 357, 268 So.2d 254 (1972). We find no errors patent on the face of the pleadings and proceedings.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs in result.

*498 ON APPLICATION FOR REHEARING
PER CURIAM.
Bill of Exceptions No. 13 was not filed in the record due to an oversight and was therefore not treated in our original opinion. On application for rehearing defense counsel has supplemented the record to place the merits of Bill of Exceptions No. 13 before us.
This bill of exceptions was taken when the trial court denied defendant's Motion to Quash the Bill of Information.
Defendant asserts that from the time he was first incarcerated in the Plaquemines Parish Prison, and up to the time of his alleged escape, he was not allowed to use the phone to contact his family or attorney in order that they could raise his bail, and he was never informed as to the amount of his bail, nor was he ever brought before the court for any hearing which would have started the mechanics of giving him an opportunity for bail or for legal representation.
Based on these facts defense counsel filed the Motion to Quash on the grounds that had the defendant been given his constitutional rights, he would not have been in the prison at the time of the alleged mass escape and therefore not charged with the crime of aggravated escape. Defense counsel relied upon La.C.Cr.P. Art. 230.1.
With regard to Article 230.1, C.Cr.P., in our original opinion we stated, "We need not consider the question of whether the defendant's argument is meritorious under the above statute, as that provision had not been adopted at the time of defendant's escape from custody on December 26, 1970."
We find no merit to the contention that the defendant cannot be charged with aggravated escape because his detention was allegedly unlawful, due to the denial, after lawful incarceration, of certain constitutional rights. Defense counsel has cited no authority for the proposition, nor do we know of any such authority.
Therefore, we find this bill to be without merit and the sentence and conviction are affirmed.
The right to make timely application for rehearing as to Bill No. 13 is reserved.